310 So.2d 862 (1975)
CUSTOM BUILDERS & SUPPLY, INC., Plaintiff-Appellant,
v.
Earl REVELS, Defendant-Appellee.
No. 4887.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
*863 Whitehead & McCoy by Charles R. Whitehead, Jr., Natitoches, for plaintiff-appellant.
Gahagan & Gahagan by Marvin F. Gahagan, Natchitoches, for defendant-appellee.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
In this appeal plaintiff Custom Builders and Supply Inc. seeks an increase in the sum awarded to it for services and material furnished to remodel and add to defendant Earl Revels' residence. We amend to increase the award.
In 1972, the Revels decided to brick veneer and modernize their wood frame home while making a substantial addition. Mr. Revels arranged for a set of plans and specifications for the renovation and addition. The plans were prepared by a draftsman who was not employed by an architect and not associated with Custom Builders.
*864 Mr. Revels contacted Custom Builders and other builders to get a bid on his job. On March 20, 1972, the following written agreement was signed by the Revels and an authorized representative of Custom Builders:

*865 Prior to entering this agreement, the Revels applied for financing and contingent on completion of the planned improvements obtained approval for a $16,500 loan from a local Savings & Loan Association. Arrangements were made with a local bank for interim financing.
During construction, Mr. Revels worked side by side with the carpenters in an effort to reduce costs. Two change orders were signed for numerous additional items not provided for in the plans. Additionally, the Revels requested higher quality material than was called for in the plans. Although no "change orders" were executed for some of these requests, Custom Builders made additional changes.
Custom Builders was paid $11,500 in interim payments. Toward the end of the job the Revels complained of faulty construction and stopped making payments. Custom Builders demanded $18,252.37 from the Revels ($29,752.37 under the contract, less the $11,500 previously paid), contending their agreement was a cost plus fixed fee contract.
The trial court held the agreement to be one in the nature of a firm bid of $16,500, and granted judgment to Custom Builders in the amount of $19,360.63 (the $16,500 bid plus $2,860.63 for approved extras), subject to a credit of $11,700 ($11,500 previously paid, and a $200 item had been deleted).
We consider these issues: 1) Did the parties have a meeting of the minds in the March 20, 1972 agreement, and therefore a contract? 2) If so, was it a firm bid contract or a cost plus fixed fee contract? 3) If not, to what extent can Custom Builders recover under quantum meruit? and 4) What interest is Custom Builders entitled to receive, and was Custom Builders properly cast for all court costs?

Contract or Quantum Meruit
Custom Builders contends that under the cost plus fixed fee contract, they are entitled to their $2,000 fixed fee plus these itemized costs:

Materials $11,987.44
Carpentry labor 7,213.02
Payroll taxes & insurance 1,651.08
Subcontractors' bills 6,900.83
 ___________
 TOTAL COSTS $27,752.37
Total Contract Price $29,752.37
 Less payments 11,500.00
 __________
TOTAL DUE BY REVELS $18,252.37

The Revels contend that Custom Builders is bound by its $16,500.00 estimate, and it is only entitled to additional costs for the additions agreed to by the parties. The trial court agreed with the Revels. We find manifest error in that holding.
Both parties must agree to the substantial elements of a contract to have a binding obligation. LSA-R.C.C. arts. 1779(2) and 1798; Allison v. Pick, 229 La. 524, 86 So.2d 179 (1956); Dorvin-Huddleston Developments, Inc. v. Connolly, 285 So.2d 359 (La.App. 4 Cir. 1973). Contracts are founded on parties' agreements, and where they misunderstand each other, there is no contract. Cheramie v. Stiles, 215 La. 682, 41 So.2d 502 (1949).
This contract is ambiguous on its face. Some language could be construed to mean a "cost plus" contract, and other language could be construed to mean a firm bid of $16,500.
There is testimony by Custom Builders witnesses to indicate that they interpreted the contract to be "cost plus." The construction supervisor who negotiated the bid testified that he told the Revels that he would not touch the job on a firm bid or fixed cost basis, and that he would only bid on a "cost plus" a fixed fee. There is some testimony by Custom Builders' witnesses that would indicate they believed the job was to be handled for a total cost of $16,500. On the other hand, testimony by Mr. and Mrs. Revels can be interpreted *866 to mean that they understood the contract to be a "cost plus" contract. Why should Mr. Revels work alongside the carpenters in an effort to reduce costs?
The preponderance of testimony by Custom Builders' witnesses was that they interpreted the contract from the beginning to be a contract for "cost plus" a fixed fee, and that the Revels believed from the beginning that they had a firm bid to modernize and extend their home for a price of $16,500. Since there was no meeting of the minds, no consent, and no understanding, there was no contract.
Having found no contract, Custom Builders recovery is limited to quantum meruit. This theory is founded on LSA-C.C. art. 1965, which provides in part that we should not "... do unto others that which we would not wish others should do unto us; ... no one ought to enrich himself at the expense of another...." See also LSA-C.C. arts. 2292, 2293, and 2294.
The general rule on the amount of recovery allowed under quantum meruit is the value of services or materials which have enured to the benefit of another. In making a determination of what is a reasonable value of the services performed and materials furnished, the court must look to the circumstances of each case. North Development Company v. McClure, 276 So.2d 395 (La.App. 2 Cir. 1973); Haase v. Brumfield, 137 So.2d 680 (La. App. 4 Cir. 1962); Swan v. Beaubouef, 206 So.2d 315 (La.App. 4 Cir. 1968).
There is a double limitation on the amount of recovery allowed under quantum meruit: 1) plaintiff cannot recover more than the actual value of his services and materials, plus a fair profit; and 2) plaintiff cannot recover more than defendant was enriched by plaintiff's services. Planiol, Chapter III, § 937B (Unjust Enrichment).
The actual value of the materials and services furnished by plaintiff are substantially in excess of the enrichment bestowed on the Revels. We therefore limit discussion to a consideration of the benefits received by the Revels.
To determine how much benefit the Revels received from the work performed by Custom Builders, we consider the expert testimony. The expert appraiser called by Custom Builders testified that the work enhanced the value of the property by $22,577. The expert called by the Revels, testified that the work enhanced the value of the property between $23,828 and $23,611. Testimony by other independent witnesses indicates that this last appraisal was high.
We hold that the work performed by Custom Builders enhanced the Revels' home by $22,577, and award that sum (less the $11,500 previously paid) to plaintiff.

Costs and Legal Interest
Custom Builders contends that it is entitled to interest from judicial demand. When recovery is based on quantum meruit, legal interest does not begin to run until the date of judgment. Sugar Field Oil Co. v. Carter, 214 La. 586, 38 So.2d 249 (1949); Connette v. Wright, 154 La. 1081, 98 So. 674 (1923); Johnston v. Empire Gas, Inc. of Oak Grove, 268 So.2d 333 (La.App. 2 Cir. 1972); North Development Company, Inc. v. McClure, 276 So.2d 395 (La.App. 2 Cir. 1973). Custom Builders is not entitled to interest from date of judicial demand.
Custom Builders next contends the trial court erred in assessing all court costs to them. We agree. The general rule is that the party cast in judgment shall pay all costs of the trial. Clark v. Clark, 192 So.2d 594 (La.App. 3 Cir. 1966); Mire v. Hawkins, 177 So.2d 795 (La.App. 3 Cir. 1965).
*867 While the trial court has much discretion in assessing costs (LSA-C.C.P. art. 1920), appellate courts are obliged to review this ruling and to assess costs which it considers equitable (LSA-C.C.P. art. 2164).
Even under the Revels' theory, they owed a balance in excess of $5,000 when they refused to make additional payments to Custom Builders. Payments were withheld which they knew were owed. We conclude that they have the burden of paying part of the court costs and we find it equitable to assess costs half to Custom Builders and half to the Revels.
The trial court judgment is amended to increase the award to Custom Builders to $22,577 less the $11,500 previously paid, together with legal interest from February 11, 1974, until paid. All court costs at trial and on appeal are assessed equally to the parties. As amended, the trial court judgment is affirmed.
Amended and affirmed.