338 So.2d 1193 (1976)
SWIFTSHIPS, INC., Plaintiff-Appellee,
v.
G. Wade BURDIN, Defendant-Appellant.
No. 5658.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1976.
*1194 Earl H. Willis, St. Martinville, for defendant-appellant.
Lippman, Hunter & Rawls by Dale P. Martin, Morgan City, for plaintiff-appellee.
Before HOOD, DOMENGEAUX and GUIDRY, JJ.
HOOD, Judge.
Swiftships, Inc., instituted this suit against G. Wade Burdin to recover amounts alleged to be due plaintiff for repairing defendant's boat. The trial judge rendered judgment in favor of plaintiff for $6,137.55. Defendant appealed.
The issues presented are (1) whether plaintiff is entitled to recover on quantum meruit despite its failure to prove the amount its labor and materials enhanced the value of defendant's property, (2) whether the award is excessive, and (3) whether the trial court erred in assessing all costs to defendant.
Defendant Burdin is the owner of a forty-foot cabin cruiser, called the Big Dolphin I. Prior to October, 1972, the boat was equipped with a two part canopy, made of wood, canvas and aluminum. Defendant wanted to have the canopy removed and replaced with a one piece, all aluminum canopy.
Swiftships was engaged in the business of building and repairing ships in Morgan City. In October, 1972, Burdin brought his *1195 vessel to plaintiff's place of business, and discussed with the production superintendent and another official of Swiftships his plan to install an all aluminum canopy on the boat. Plaintiff submitted to defendant a written estimate showing that the cost of materials and labor for installing the new canopy would amount to the total sum of $3,435.00. Defendant thereupon engaged plaintiff to remove the old canopy and install the new one. He paid plaintiff $700.00 at that time as a deposit.
Plaintiff's estimate called for the use of "Bond 185 Excursion Edging" on the new canopy. That type of edging is described as being a round molding, with a slot cut in it which fits over the edges of the aluminum plate to cover the rough edges. The Bond 185 edging can be easily installed, since it can be bent around the edge of the canopy by hand and fastened by tack welding.
The Production Superintendent and the Supervisor, Decking and Cabin Department, of Swiftships testified that after the above agreement had been entered into and while the canopy was being constructed, defendant looked at the Bond 185 edging and decided that it was not massive enough for his pleasure boat, and he instructed plaintiff to install a different and larger edging. Plaintiff complied with those instructions, and the edging which was actually installed on the new canopy was larger and more massive than the Bond 185. The new edging had to be fabricated by plaintiff, requiring a solid weld all around the canopy, and it involved a substantial increase in the cost of labor and materials.
The construction of the new canopy was completed in about one month, and on November 21, 1972, plaintiff submitted to defendant an itemized statement of the cost of materials and labor, including taxes, amounting to the sum of $8,146.30. Defendant refused to pay that amount, contending that he had entered into a contract with plaintiff to construct the new canopy for the total sum of $3,435.00, that he had paid $700.00 on that contract and that he owed only a balance of $2,735.00.
Plaintiff thereupon instituted this suit demanding judgment against defendant for the sum of $7,446.30, that being the amount shown to be due in the above itemized statement, less the $700.00 deposit which defendant had made. Burdin answered, and he deposited $2,735.00 in the registry of the court, representing the balance which he contends is owed to plaintiff.
After trial, the trial judge held that an error existed as to the principal cause of the contract, and that no contract existed between the parties. He concluded, however, that plaintiff is entitled to recover on quantum meruit. He found that plaintiff's estimated value of the materials and services rendered were "uncontroverted," but he felt that plaintiff was not entitled to charge $1,038.75 as "overtime pay," since time was not of the essence of the agreement. He deducted that sum from the amount claimed by plaintiff, therefore, and judgment was rendered condemning defendant to pay to plaintiff the remaining sum of $6,137.55.
On this appeal defendant Burdin apparently concedes that plaintiff is entitled to recover on a quantum meruit basis. He argues, however, that "the amount claimed by plaintiff exceeded the enrichment received by the defendant and should have been reduced." He points out, correctly, that "there is no evidence whatsoever introduced by plaintiff to show the enrichment by the defendant." He contends that the burden of proof rests on plaintiff to prove the amount of the enrichment resulting from the labor and materials furnished by it, that plaintiff has failed to meet that burden of proof, and that its claim thus should be rejected completely or at least reduced.
Quantum meruit is an equitable doctrine, based on the concept that no one who benefits by the labor and materials of another should be unjustly enriched thereby. Under those circumstances, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even in the absence of a specific contract therefor. LSA-C.C. arts. 1965, 2292-2294; Jones v. *1196 City of Lake Charles, 295 So.2d 914 (La. App. 3 Cir. 1974); Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (La.App. 3 Cir. 1975).
Generally, the plaintiff who establishes his right to be compensated on quantum meruit should recover as much as he reasonably deserves for his services, or for the labor and materials which he has furnished for the defendant's benefit. The amount which he can recover on quantum meruit, however, is subject to a double limitation: (1) Plaintiff cannot recover more than the actual value of the materials and labor furnished for defendant, including a fair profit; and (2) plaintiff cannot recover more than the amount defendant was enriched by his furnishing of labor and materials. Custom Builders & Supply, Inc. v. Revels, supra.
The evidence in the instant suit shows that the actual value of the labor and materials furnished by plaintiff in constructing a new canopy for defendant's boat was $8,146.30, as shown in the itemized statement submitted by plaintiff on November 21, 1972. There, in fact, is no evidence in the record tending to show that any of the charges listed in that statement are excessive.
The trial judge correctly gave defendant credit for the $700.00 previously paid by him, and he also properly ordered that the deposit of $2,735.00 made by defendant into the registry of the court be paid to plaintiff to be applied to the judgment. It is unnecessary for us to determine whether the trial court erred in deducting the amount of overtime pay charged by plaintiff from the total amount claimed by it, because plaintiff has not appealed, and in the answer which it filed to defendant's appeal it merely prays that the judgment of the district court be affirmed.
We agree with defendant that the evidence fails to show the amount by which the value of his boat was enhanced due to the construction of the new canopy. We do not agree, however, that the burden of proof rests on plaintiff to prove the amount by which defendant's property was enhanced in value. The question of whether the cost of the services rendered by plaintiff exceeds the amount by which defendant has been enriched is one, we believe, which ordinarily should be raised as a defense to the action. Plaintiff bears the burden of proving the value of the labor and materials furnished by him, and we think he makes out a prima facie case for recovery on quantum meruit when he does that. If the defendant urges as a defense that the amount claimed by plaintiff exceeds the amount by which he has been enriched, then we believe that the burden of proof rests on defendant, and not the plaintiff, to prove that the sum claimed by plaintiff exceeds the amount by which he was enriched. In this case, defendant has failed to show that the amount of labor and materials furnished by plaintiff exceeded the enhanced value of the boat, and defendant thus is not entitled to have plaintiff's claim reduced.
Defendant contends further, that although the evidence fails to show the enhanced value of the boat, it is reasonable to conclude that the charges pertaining to the edgings "should certainly not be over one hundred percent of the actual budget estimate contract signed on October 23, 1972." We agree that the charges made by plaintiff for the edging on the canopy seem high. The trial judge also felt that "the figures exceed the enrichment received by the defendant," although there was no evidence as to the amount of the enrichment, and partly for that reason he reduced the award by the amount of overtime wages charged by plaintiff. We have reviewed the evidence, and we cannot say that the trial judge erred in the award which was made to plaintiff.
Defendant contends, finally, that the trial judge erred in assessing all of the costs to defendant. He argues that the costs should be assessed equally between the parties, as was done in Custom Builders & Supply, Inc. v. Revels, supra.
*1197 The trial court has much discretion in assessing court costs. LSA-C.C.P. art. 1920. The appellate court also is authorized to tax costs as in its judgment may be considered equitable. LSA-C.C.P. art. 2164. The general rule is that the party cast in judgment shall pay all costs of the trial. LSA-C.C.P. art. 1920.
In the instant suit, considering the general rule that the party cast in judgment should pay all costs of the trial and the rule that the trial judge is vested with much discretion in assessing costs, we have concluded that the trial court did not abuse its discretion in assessing all costs of the suit to defendant.
The judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.