GARRISON, Judge.
The plaintiff Police Jury sued the defendant railroad to be reimbursed for $982.80, the cost of 72 tons of “hot mix” of asphalt. The plaintiff contended that on September 20, 1976, the Police Jury and the railroad entered into a verbal contract whereby the former agreed to sell and the latter agreed *757 to buy tbe hot mix needed to perform repairs on two railroad crossings within the parish. The railroad responded that the plaintiff Police Jury had agreed, as was customary, to furnish the hot mix without charge.
It was the position of the plaintiff that the agreement had been reached at a meeting of the Police Jury on September 20th. However, there was nothing in the minutes of the meeting concerning the alleged agreement. The record indicates that any agreement which might have been reached necessarily was oral.
At the trial, Robert Becnel, the secretary-treasurer of the Police Jury testified that he had attended the September 20th meeting. He stated that it was his understanding that the jury would provide labor to spread the hot mix at no charge but that the railroad would have to reimburse the jury for any amount put on railroad property. Brent Tregre, president of the Police Jury, testified that his understanding was that the Police Jury would assist the railroad in order to expedite the repairs; the railroad would do the crossing repairs, and the Police Jury would supply the hot mix with the understanding that the cost of the hot mix would be borne by the railroad. However, he also testified that there was no discussion as to whether the payment would be for all of the mix or just for that part used in a particular area. He stated that in the past the jury had made smaller repairs on crossings at their own expense with no reimbursement. He further acknowledged that there was no discussion that this operation would be any different from those in the past.
Henry Hymel, the parish manager, had also attended the September 20th meeting. He testified that the Police Jury had agreed to furnish the asphalt but that he did not hear any specific agreement about reimbursement. He also acknowledged that “no agreement was reached between the parties as to who would pay for the hot mix.”
The superintendent and section foreman for the railroad testified that their understanding was that the Police Jury would furnish the hot mix and spread it using their machinery at no cost to the railroad. They stated that they never agreed to reimburse the parish for the hot mix used, not even for that used between the ties much less for that used for the convenience of automobiles using the crossing. It has nothing to do with the operation of the trains.
La.C.C. Articles 1797[1] and 1798[2] state that in order to have a valid contract there must be consent by both parties, the will of both parties uniting on the same point.
Both parties must agree to the substantial elements of a contract in order to have a binding agreement. Allison v. Pick, 229 La. 524, 86 So.2d 179 (1956); Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (La.App. 3rd Cir. 1975); McMorris v. Pepperdene, 292 So.2d 892 (La.App. 1st Cir. 1974), writ refused 294 So.2d 840; Pooler Building Materials, Inc. v. Hogan, 224 So.2d 62 (La.App. 1st Cir. 1971); Directional Advertising Services, Division of Ebsco Indus., Inc. v. Fairfield, 248 So.2d 388 (La.App. 4th Cir. 1971).
Contracts are founded on the agreements of parties and where they misunderstand each other, there is no contract. Cheramie v. Stiles, 215 La. 682, 41 So.2d 502 (1949); Luria Brothers & Co., Inc. v. Capitol Steel Inc., 225 So.2d 630 (La.App.), writ refused 254 La. 920, 922, 228 So.2d 481, 482; Custom Builders & Supply, Inc. v. Revels, supra.
*758 The record in this case indicates an absence of mutual understanding between the ■respective parties. Even members of the Police Jury, for example, testified that there was no specific discussion that this situation was to be different from those in the past where they sought no reimbursement for the hot mix. Indeed they testified the Jury would “furnish” the hot mix. The railroad obviously was under the impression that this agreement was the same as previous ones.
The plaintiff here, as in all cases, had the burden of proving his case by a preponderance of the evidence. Lombard v. Sewerage & Water Board of New Orleans, 284 So.2d 905 (La.1973); Marcotte v. Travelers Ins. Co., 258 La. 989, 249 So.2d 105 (1971). A review of the evidence in this case indicates that the plaintiff did not meet its burden of showing the existence of the contract. Therefore, the decision of the trial court is reversed.
REVERSED.

. “Article 1797. When the parties have the legal capacity to form a contract, the next requisite to its validity is their consent. This being a mere operation of the mind, can have no effect, unless it be evinced in some manner that shall cause it to be understood by the other parties to the contract. To prevent error in this essential point, the law establishes, by certain rules adapted to the nature of the contract, what circumstances shall be evidence of such consent, and how those circumstances shall be proved; these come within the purview of the law of evidence.”

. “Article 1798. As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such ■. contract; the will of both parties must unite on the same point.”