CHIASSON, Judge.
Appellant, Walter E. Belanger, appeals the trial court’s decision awarding $1,237.50 to Harry L. Beacham and Company, Ltd. (Beacham) for accounting services rendered. Beacham answered the appeal seeking to have the award increased to $2,475.00.
Beacham filed suit seeking judgment for $2,475.00 for accounting services which Beacham contends were rendered personally to Belanger. In his answer to the suit Belanger, denying obligation for the debt, asserted that the services were not rendered for him personally, but were instead performed for Tasco, Inc., a bankrupt corporation of which he was an officer.
The trial judge found that audit work for Tasco, Inc. and personal services for Belan-ger in preparation of a SBA loan application were performed by Beacham and billed jointly without specifying what charges were for the audit and what charges were for the loan work. At trial no evidence was introduced differentiating the charges for these services.
In written reasons the trial judge awarded one-half ($1,237.50) of the amount sued for on the basis of quantum meruit.
Appellant contends that the trial court erroneously found that Beacham had sufficiently proven the value of its services and that the court’s award of one-half of the amount sued for was arbitrary. Answering the appeal, Beacham contends that the entire debt sued upon was Belanger’s and that the award should therefore be increased to $2,475.00. Beacham alternatively seeks remand to introduce full records in the event this court determines that the amount sued upon was not adequately proven.
We agree with appellant that Beacham has not proven his claim and that the award by the trial judge of one-half of the amount sued for lacks any proof to substantiate such a division.
Beacham has failed to prove his claim by a preponderance of the evidence. All. we have before us is one bill covering 573/4 hours at $40.00 an hour. Without a breakdown of the number of hours attribut *103 able to audit work and the hours attributable to Belanger’s loan application, there is no way to discern which amounts were due for the separate services.
Nor is an award based on quantum meruit appropriate. Under any theory of recovery, be it unjust enrichment, quantum meruit, if applicable, or contract, plaintiff in a suit to recover the value of services rendered must carry his burden of proving the value of the services by competent evidence. There is no evidence in this record to establish the value of the services rendered to defendant-appellant. An award under any theory is improper where there is no evidence in the record to support it.
In regard to Beacham’s answer to the appeal, we find no manifest error in the trial judge’s determination that the debt was not a personal debt of Belanger in its entirety. Beacham admits that its invoice covers both the services rendered to Belan-ger and to Tasco, Inc.
We further find that remand is not appropriate. Beacham came to court fully aware that liability for the services was in dispute. It had an opportunity to introduce an itemization of the charges and failed to do so even though it had listed the entire file on Walter E. Belanger as an exhibit in the pretrial order. These circumstances do not warrant a remand.
For these reasons the judgment of the trial court is reversed. Judgment is rendered in favor of defendant, Walter E. Be-langer, and against plaintiff, Harry L. Beacham and Company, Ltd., dismissing plaintiff’s suit. All costs are assessed to plaintiff.
REVERSED AND RENDERED.