SCHOTT, Judge.
According to plaintiff’s witnesses the work under the contract had reached the stage where the floors were refinished and the walls papered or painted when George Parham told them to paint the ceilings. They testified that they explained to George that the painting would be expensive because of the extra care required to protect the finished work but George told them to proceed. Although George denied these allegations the trial judge resolved the conflict in plaintiff’s favor and that resolution is accepted in this court. As to the other extra items the record shows that most were authorized by George Parham although one or two were apparently authorized by defendant herself.
As to the painting and the other items authorized by her husband, defendant contends that he had no authority to bind her. However, the record supports defendant’s liability based on the principle of apparent agency even if she did not confer specific authority on her husband to speak for her. In Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973) the court discussed the principle thusly:
“. .. In this context, it is both fair and equitable to govern mutual rights and liabilities by the apparent scope of an agent’s authority because third persons, who are not privy to the actual terms of the agency agreement, must rely entirely upon the indicia of authority with which the agent is vested.... ”
In AAA Tire & Export, Inc. v. Big Chief Truck, 385 So.2d 426 (La.App. 1st Cir. 1980) the court had this to say:
“... The principal will be bound for such actions if he has put his agent in such a position or has acted in such a manner as to give an innocent third person the reasonable belief that the agent has authority to act for the principal. The facts and circumstances of each case must be examined to determine the reasonableness of the third party’s belief. One must look from the viewpoint of the third person to determine whether an apparent agency has been created. . .. ”
*216 The doctrine’s application is warranted by the facts of the case. Parham regularly came to the house while the work was in progress and admittedly was there to check on the work for his wife. She never came and admittedly depended on him to keep her posted. He discussed the work with plaintiff’s personnel and specifically told them to paint the ceilings and do the other extra work. In addition, an independent craftsman who was not involved in plaintiff’s work and was, therefore, a disinterested witness, testified that Parham authorized him to install a dishwasher. The inference was clear to plaintiff’s personnel and others that Parham was in charge and was clothed with his wife’s authority to give them instructions. She was clearly bound by his actions.
Plaintiff is entitled to collect for its services on a quantum meruit basis. Although there was no contract for the price of the work plaintiff is entitled to a reasonable amount for labor and materials, overhead and profit. Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir. 1976); Brummett v. Hamel’s Dairy, Inc., 324 So.2d 502 (La.App. 2nd Cir. 1975). With respect to the painting of the ceiling, plaintiff established that he is entitled to the $2222.19 awarded. The extra care required to protect the refinished floor and freshly completed walls explained the high labor cost of this work. Plaintiff offered testimony to break down the charge into labor, materials, overhead and profit. Plaintiff offered similar testimony to support the trial judge’s award for the other extra work. Defendant offered no evidence to show that plaintiff’s charges were unreasonable. We conclude that there was no manifest error in the trial court’s conclusion.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.