417 So.2d 42 (1982)
HOUMA ARMATURE WORKS & SUPPLY, INC.
v.
Richard LANDRY, Michael X. St. Martin & Sport Fishing Charters, Inc.
No. 14904.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Louis St. Martin, Houma, for defendants and appellants.
J. Fredrick Kessenich, New Orleans, for plaintiff and appellee.
Before ELLIS, PONDER and SAVOIE, JJ.
*43 PONDER, Judge.
Defendants appealed from a judgment holding them solidarily liable for labor and materials for electric wiring of a boat.
The issues are the failure of the trial court to find a contract price and the amount of the judgment.
Dr. Richard Landry, who was co-owner along with Mr. Michael X. St. Martin,[1] of a 42 foot boat hull, made request of Mr. Welch, president of Houma Armature Works & Supply, Inc. that he wire the boat for 110 volt alternating current. Dr. Landry, Mr. Welch and an electrician for Houma Armature discussed what wiring was to be done while going through the yacht.
Mr. Welch and the electrician testified that an estimate of $700.00 for labor was given, but that in subsequent conversation the amount of work to be performed was increased. Mr. Welch understood that the work was to be done on a time and material basis with no contract price. Dr. Landry testified that a price of $700.00 for labor and materials was agreed to and the only additional cost should have been the cost of extras.
Before the completion of the wiring, the electrician performed temporary measures to allow the use of the boat for a week-end. A second electrician finished the wiring, because the first had left plaintiff's employment, when the boat was returned much later.
Houma Armature billed defendants for $3,921.65 for the materials and labor performed on the boat and sued when payment was refused.
The trial judge held that plaintiff proved its demand in quantum meruit and awarded the amount sued for.
Defendants' argument that the trial court erred in not finding a contract price of $700.00 is without merit. The trial court evidently found that there was no agreement as to the price of the work. This finding, based on conflicting testimony, is not manifestly erroneous.
Under the theory of quantum meruit, the law implies a promise to pay even in the absence of a specific contract. Swiftships, Inc. v. Burdin, 338 So.2d 1193 (3rd Cir. 1976).
Plaintiff is entitled to recover his actual cost, including general overhead attributable to the project, and a reasonable profit. Skains v. White, 391 So.2d 1327 (2nd Cir. 1980). This is limited to the amount by which defendants' property has been enhanced.
Plaintiff introduced detailed repair orders showing the work performed and the materials used. The present captain of the boat testified that he measured the wiring on the boat and found that less wire was used than evidenced by the orders. The trial court evidently found that plaintiff's invoices and repair orders were the more credible evidence. We find no error.
Defendants argue that they should not be charged for two days of labor performed by the second electrician in tracing and tagging the wires placed by the first, who testified that he had had to remove the tags from the wires in order to hook them up so the boat would be operational for the week-end trip. He felt that he would have no problems coming back after two days and remembering the identification of the wires. When he changed jobs, over a month later, he had not been notified that the boat had been returned and was unable to complete the job.
This cost can be reasonably attributed to defendants.
The 22% overhead cost and the markup for profit were explained. We find no error.
The plaintiff bears the burden of proving the value of the labor and materials furnished; defendants must then show that the amount claimed exceeds the amount of *44 the enhancement. Swiftships, Inc. v. Burdin, supra. Defendants have not proved their defense.
For these reasons, the judgment of the trial court is affirmed with costs assessed to the defendants.
AFFIRMED.
NOTES
[1] The third defendant is Sport Fishing Charters, Inc., a corporation formed by Mr. St. Martin, who owns all the stock thereof. It was stipulated that Dr. Landry had sold his entire interest in the boat to Mr. St. Martin.