DOMENGEAUX, Judge.
The plaintiffs, Kenneth Dale Boothe and Ellen Boothe, brought suit against defendants Johnnie May and Ruth Cox May, for return of a deposit in the amount of $51,-200.00 allegedly advanced to defendants in lieu of an oral agreement to enter into a contract to buy and sell some 14,079 acres of farm land in Catahoula Parish, Louisiana.[1] From a judgment of the District Court in favor of plaintiffs and against defendants in the amount of $51,200.00, plus interest and costs, defendants have appealed. We affirm.
Our review of the record suggests that some time in the latter part of 1980 and January of 1981, Kenneth Dale Boothe and Johnnie May began negotiating for the purchase and sale of certain farm lands in Catahoula Parish. Negotiations continued for some time but ultimately broke off when Mr. Boothe informed Mr. May that due to his inability to secure crop insurance, as well as other reasons, he was not going to purchase the property. Defendants refused to return the money advanced to them by the Boothes. Thereafter the Boothes instituted these proceedings.
At trial Kenneth Boothe testified that he and Mr. May agreed that before the sale would be consummated; (A) he would be allowed to purchase the property for the sum of $1,080,450.00; (B) he would be able to assume a $650,000.00 mortgage granted to Connecticut General Life Insurance Company on the property at the same interest rate; and (C) he would be able to buy and maintain crop insurance on the aforementioned property. Plaintiffs also testified that they advanced defendants a total of $51,200.00 which would be applied to the purchase price upon consummation of the sale.
*314 Conversely, defendants claim that an agreement to buy and sell was reached between the parties. Defendants further contend that the oral agreement entered into was not subject to any of the conditions alleged by the plaintiffs, and the $51,200.00 advanced to them should be considered as earnest money.
In reasons orally assigned, the trial judge held that although the parties negotiated the possibility of entering into an agreement to buy and sell, they never reached an agreement. Having found that there was no meeting of the minds, the court below concluded there was no contract and consequently the money advanced by plaintiff was not earnest money.
The key issue presented on appeal is whether or not the trial court erred in holding that the parties did not orally agree to the purchase and sale of the farm property-
In order to have a valid contract both parties must give their consent, i.e., the will of both parties must unite on the same point. La.C.C. Articles 1797[2] and 1798.[3]
In St. John the Baptist Parish Police Jury v. Louisiana & Arkansas Railway Company, 368 So.2d 756 (La.App. 4th Cir.1979) that Court reiterated the deeply entrenched requirement of our law that there must be a meeting of the minds to consummate a binding agreement. That case states in part:
“Both parties must agree to the substantial elements of a contract in order to have a binding agreement.
“Contracts are founded on the agreements of parties and where they misunderstand each other, there is no contract.” (Citations omitted).
The record in this case indicates an absence of mutual understanding between the respective parties. Plaintiffs claim that from the onset of negotiations their interest in purchasing the farmland hinged upon their ability to obtain crop insurance. According to plaintiffs, this was the only way that they could assure payments on the property, and without the insurance they could and would not purchase the land. Defendants agreed that the availability of crop insurance was discussed throughout the negotiations, but they suggest that this was never a serious consideration.
We agree with the district judge who held that the availability of crop insurance was one of the major causes for plaintiffs’ interest in purchasing the property, and, in any event, that the parties failed to reach an agreement. Those who were familiar with the ongoing negotiations testified that the plaintiffs had no desire to purchase the property if they could not protect themselves with crop insurance. In fact, the only one who testified to the contrary was defendant, Johnnie May. Additionally, it appears obvious that the parties still had a lot of elements of the contract to buy and sell to iron out. This is evidenced by the fact that at least five separate documents (purchase agreements) were prepared purporting to put in writing the agreement between the parties, however, failing to find that these instruments met their approval, the plaintiffs refused to sign them. The refusal of plaintiffs to sign the documents time and time again supports their assertion that they never accepted the defendants’ offer to purchase. At best there were several offers accompanied by prolonged negotiations, but no acceptance.
*315 Furthermore, the record indicates that the parties contemplated reducing their final agreement to writing. This however was never done. The jurisprudence of this state is to the effect that when parties agree to reduce their contract to writing, the contract is not perfected, and there is no contract until the writing is duly executed. Brewer v. Loewer, 383 So.2d 1325 (La.App. 3rd Cir.1980); writ refused, 391 So.2d 456 (La.1980).
In finding that there was not a binding agreement between the parties, we feel that the trial judge correctly concluded that the money forwarded by plaintiffs to defendants did not constitute earnest money. La.C.C. Art. 2463.[4]
The record, reflects that the money was advanced by plaintiffs in order to help defendants pay part of a note on the property in question. Although the parties seemed to agree that should plaintiffs purchase the property the advance would be credited towards the purchase price, there was no indication that by so doing the plaintiffs had intended to bind themselves for the purchase or to forfeit the money advanced.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs at trial and on appeal are to be assessed against defendants, Johnnie May and Ruth Cox May.
AFFIRMED.

. This is not a suit involving specific performance of a contract to sell real property, but rather a suit premised upon an oral agreement to enter into a contract to sell. Therefore, the law pertaining to the necessity for all contracts involving the sale of immovable property to be in writing is inapplicable herein.

. La.C.C. Article 1797 states:
“When the parties have the legal capacity to form a contract, the next requisite to its validity is their consent. This being a mere operation of the mind, can have no effect, unless it be evidenced in some manner that shall cause it to be understood by the other parties to the contract. To prevent error in this essential point, the law establishes, by certain rules adapted to the nature of the contract, what circumstances shall be evidence of such consent, and how those circumstances shall be proved; these come within the purview of the law of evidence.”

. La.C.C. Article 1798 states:
“As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must unite on the same point.”

. La.C.C. Art. 2463 provides:
“But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.”