BARRY, Judge.
Arnold Boudreaux, a contractor, sued Edmund Leininger pursuant to an alleged oral contract for $1,000 of repair work at 1520 Dante St. and $17,271.47 for renovation extras on 7821 Belfast St. Leininger denied any sum was owed for Dante St., admitted work was performed on Belfast St., but denied the claim for extras. Lein-inger reconvened for breach of contract as to Belfast St., but the reconventional demand was not served and therefore severed from the main demand. A Commissioner recommended $1,000 to Boudreaux for Dante St. Only that award is on appeal.
It is undisputed Boudreaux replaced a damaged door sill. At issue is whether a separate agreement existed for that work and, if not, whether Boudreaux proved he is entitled to $1,000.
Leininger testified he contacted Bou-dreaux to replace the door sill which Bou-dreaux agreed to do for $400. He said Boudreaux contacted him later and told him it would not be necessary to purchase materials because lumber was found on the premises. He claims the only charge was to be for labor which would be included in the Belfast St. job.
Boudreaux testified the work required removing the doorstep, pulling the fascia board out, inserting the sill, replacing the fascia board and step, and renailing the floor joists. He said there was no material at the site and he was to be paid separately from the Belfast St. work.
We find there was no consent or meeting of the minds as to the price of the work. In the absence of an agreement as to price Boudreaux’s claim hinges on. quantum meruit, La.C.C. Art. 1965.[1] Alexis v. Pacaccio, 410 So.2d 867 (La.App. 4th Cir. 1982). He is entitled to the actual cost of materials and labor plus a fair profit. Skains v. White, 391 So.2d 1327 (La.App.2d Cir.1980); Houma Armature Works & Supply, Inc. v. Landry, 417 So.2d 42 (La.App. 1st Cir. 1982). Under the equitable principles of quantum meruit Boudreaux has the burden of proof; Leininger must then show the amount claimed exceeds the enrichment. Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir.1976).
There are no invoices for materials nor proof as to the labor costs. All we have is Boudreaux’s self-serving testimony, hence, he did not carry his burden by competent evidence. Harry L. Beacham and Co., Ltd. v. Belanger, 388 So.2d 101 (La.App. 1st Cir.1980). Writ refused 392 So.2d 1058 (La.1980). His claim was not proven with the requisite degree of evidentiary specificity. Fullerton v. Scarecrow Club, Inc., 440 So.2d 945 (La.App. 2d Cir.1983).
There is no basis for a remand. Harry L. Beacham and Co., Ltd. v. Belanger, supra. The judgment is reversed at plaintiff’s cost.
REVERSED.

. As the article appeared prior to the 1985 revision.