WARD, Judge.
Morphy, Makofsky, and Masson, Inc., a New Orleans engineering firm, designed and performed engineering services for the foundation and first floor of Canal Place II, a shopping center and hotel complex in New Orleans. After substantially completing its work, Morphy made demand for payment upon Canal Place 2000, the owner; RTKL Associates, the architects; and CBM Engineers, Inc., the structural engineers. Each party claimed that another party was responsible for payment. When no payment was rendered, Morphy sued Canal Place, RTKL and CBM.
Morphy’s case was assigned to a Commissioner of the Civil District Court who determined that, although Morphy had no contractual remedy because of its own failure to respond to repeated requests to formulate a contract, Morphy could recover payment for its services under the theory of unjust enrichment. Furthermore, finding that no theory would support judgment against Canal Place, the Commissioner devised an equitable formula which allowed Morphy to recover a portion of its charges from CBM and RTKL. The Commissioner also determined that Morphy was not entitled to attorney’s fees under Louisiana’s Open Account Statute, La.R.S. 9:2781.
Morphy appeals the Trial Court judgment adopting the Commissioner’s findings and recommendations. Morphy claims that the Trial Judge erred by approving the Commissioner’s formula which denied the total amount of its invoices for work performed at an hourly rate. Morphy also claims that the Trial Judge erred in refusing to award attorney’s fees.
Finding no error in the Trial Judge’s decision to adopt the Commissioner’s findings and recommendations, we affirm.
During 1980 and 1981, Canal Place negotiated and entered into an architectural agreement with RTKL which obligated RTKL to furnish all of the architectural, engineering and consulting services, including foundation engineering and design, for Canal Place II. During this time, RTKL and CBM negotiated and entered into a subcontract which obligated CBM to perform all structural engineering services, also including foundation engineering and design, for the project. Both agreements stipulated hourly rate fees up to a maximum fee or “cap.”
Although RTKL and CBM knew Canal Place wanted Morphy to do the foundation engineering and design, no contract was ever confected for Morphy’s work. CBM, however, tried to get information from Morphy to form an agreement. In December 1980, CBM sent two letters to Morphy concerning the work which Morphy would perform. In the first letter CBM stated: “We would suggest that you bill us on an hourly basis and would appreciate an estimate of the maximum billings.” In the second letter, CBM’s president asked: “Please send me your proposal to furnish these services as soon as you are able.” Instead of responding to CBM’s requests, Morphy did the foundation work, kept a record of its hours, and sent invoices to RTKL, CBM and Canal Place.
Morphy is entitled to compensation for its services. Without a contract, however, Morphy can only be compensated under a theory of unjust enrichment or quantum meruit. The evidence overwhelmingly indicates that all of the parties believed or should have believed that CBM would be responsible for payment to Morphy, a sub-subcontractor. The most persuasive evidence is CBM’s instruction by letter to Morphy to “bill us on an hourly basis.” The real dispute lies in the formula used to determine the amount CBM owed to Morphy.
Morphy first assigns error to the Commissioner’s imposing the maximum fee rate *1226 or “cap” from the RTKL-CBM subcontract on the amount that CBM owed Morphy. The Commissioner held CBM liable to Morphy for a fee computed by dividing the cap in CBM’s subcontract proportionately between CBM’s hourly charges for structural engineering and Morphy’s hourly charges for foundation design and engineering. Applying this formula, the Commissioner determined that CBM owed Morphy $45,-000.00. Morphy’s hourly charges were approximately $91,000.00.
The Louisiana Supreme Court, in Brignac v. Boisdore, 288 So.2d 31 (La.1973) set forth the elements which a plaintiff must prove to recover under the doctrine of unjust enrichment: (1) enrichment of defendant; (2) impoverishment to plaintiff; (3) connection between the enrichment and resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other remedy at law. Moreover, the amount a plaintiff can recover is the reasonable value of his services, subject to the following limitations: (1) plaintiff cannot recover more than the actual value of the materials and labor furnished, including general overhead and reasonable profit; and (2) plaintiff cannot recover more than the amount the defendant was enriched by the services. Houma Armature Works & Supply, Inc. v. Landry, 417 So.2d 42 (La.App. 1st Cir.1982). The burden is on the defendant to prove that the sum claimed by the plaintiff exceeds the amount by which the defendant was enriched. Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir.1976); McCarty Corp. v. Pullman-Kellogg, Div. of Pullman, 751 F.2d 750 (5th Cir.1985). The question, therefore, is whether Morphy may recover the full value of its services when CBM was not fully compensated for those services.
The evidence demonstrated that Morphy proved the elements of recovery under unjust enrichment. Morphy adequately proved that CBM was, in fact, enriched because Morphy did the foundation engineering and design for which CBM was ultimately responsible under its subcontract and for which CBM had been paid.
By establishing that it was bound by a cap, CBM proved that its enrichment was limited to less than the amount spent by Morphy on an hourly basis. With the cap, CBM did not receive full payment from RTKL for CBM’s services and the services supplied by Morphy; therefore, CBM’s enrichment, due to Morphy’s performance of some of the obligations, is limited to the reduced amount CBM received for the portion of the obligations performed by Morphy.
Morphy is, nonetheless, entitled to the reasonable value of its services. The reasonable value of a plaintiff’s services cannot be determined by a uniformly applicable test; it is a matter of equity depending upon the circumstances of each case. Fullerton v. Scarecrow Club, Inc., 440 So. 2d 945 (La.App. 2nd Cir.1983); Jones v. City of Lake Charles, 295 So.2d 914 (La.App. 3rd Cir.1974). Accordingly, the formula applied by the Commissioner to set CBM’s liability to Morphy is fair and reasonable given the facts in this case. Morphy’s first assignment of error is without merit.
As part of his decision, the Commissioner determined that a portion of Morphy’s invoices represented time spent on site inspections. Because the CBM subcontract provided for only eight inspections and Morphy was made aware of this, CBM was not actually enriched by all of Morphy’s inspections because CBM was not required to conduct any more than eight inspections. The Commissioner determined instead that RTKL was enriched by Morphy’s inspections because, not having delegated this task to CBM, RTKL’s general responsibility under the architectural contract for all engineering services included inspections done by the foundation engineers. Thus, RTKL was held liable to Morphy for $13,313.00, the amount representing Morphy's inspections.
The Commissioner’s assessment of this charge to RTKL is consistent with the evidence and supported by the law of unjust enrichment. Having failed to make CBM responsible for any more than eight inspec *1227 tions, RTKL was responsible for the excess inspections. We can only assume that the reason the Commissioner did not impose the cap in the Architectural Agreement upon the amount RTKL owed Morphy was because RTKL presented no evidence of its time-keeping to compare to Morphy’s time spent on field inspections. Hence, RTKL did not prove that its enrichment was any less than $13,313. Overall, both the formula and the assessments to CBM and RTKL are not clearly erroneous.
In its next assignment of error, Morphy argues that the Trial Court erroneously failed to award attorney’s fees under Louisiana’s Open Account Statute, La.R.S. 9:2781. This statute allows a claimant to collect reasonable attorney’s fees for the prosecution of claims which meet the definition of an “open account.” An open account includes debts incurred for professional services. Morphy’s services do not fall within this definition, however, because, having no contract with anyone, Morphy did not have an “account” for which the balance is past due.
Furthermore, to be entitled to attorney’s fees, Morphy was required to state the correct amount owed in its demand letter. Morphy sent demand letters stating the amount it claimed due from any of the three parties. This, however, does not meet the statutory requirement since a debt owed under unjust enrichment does not become due until the amount of the debt is ascertained on the date of judgment. McCarty Corp., supra. Accordingly, Morphy is not entitled to attorney’s fees.
The Commissioner’s recommended judgment as adopted by the Trial Judge specifically absolved Canal Place from liability to Morphy, and cast CBM and RTKL in judgment for $45,000 and $13,313 respectively. On appeal, while Morphy generally disputes the Commissioner’s use of a formula in this unjust enrichment case, and generally claims entitlement to the total amount of invoices, it does not specifically assign error to the part of the judgment regarding Canal Place. Accordingly, having approved the formula and the result of its application, we will not review the judgment as it relates to Canal Place’s liability because Morphy did not appeal this issue and we are not otherwise compelled to do so to promote the interests of justice in this case.
The Trial Court’s judgment is therefore affirmed. All costs of this appeal are assessed to Morphy.

AFFIRMED.

SCHOTT, J., dissents.