CRAIN, Judge.
This is an appeal of a decision denying recovery for services and materials which were provided, but not covered, under an existing contract.
FACTS
Robert L. Stem requested that Martin Flanagan of Martin Flanagan Design, Inc. (Flanagan Design) perform some design *390 work for various companies that he operated. He sent a letter to Mr. Flanagan outlining the work to be done and a budget of $10,000. This was the only written indication of an agreement between the parties. Later, Mr. Stern requested that Mr. Flanagan perform services that were not listed in the letter of authorization. The price of these services was not discussed. Flanagan Design performed the requested services. Mr. Stern paid the amount in the authorization letter but refused to pay for the extra services. The trial court held that the authorization letter represented the only contract between the parties and denied recovery for the services that were not provided for in the authorization letter.
The issues for review are the correctness of factual findings of the trial court; whether the letter of authorization represented the only contract between the parties; whether Mr. Flanagan is entitled to recover quantum meruit for services which were not listed in the authorization letter.
EXTENT OF THE CONTRACT
The trial court found that the only agreement between the parties was represented by the authorization letter. The letter designated eight areas of concentration and a budget of ten thousand dollars. Mr. Flanagan argues that the work performed by Flanagan Design at Mr. Stern’s request was the contract between the parties. The trial court found that there was no meeting of the minds nor consent on the part of both parties as to all of the provisions. The court expressed doubt that the plaintiff had proved that the object of the contract was certain beyond the authorization letter. This finding of fact will not be disturbed on review absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
There is a preponderance of evidence in the record to support the finding of the trial court. Mr. Stern requested services that were not provided for in the authorization letter. He alleges that he intended that the budget provided in the authorization letter cover the additional services. It is undisputed that this was not discussed nor agreed upon. In addition the plaintiff failed to show that the parties discussed the price of the additional services. We find no manifest error in the trial court limiting the contract to the authorization letter.
The trial court also denied the plaintiff recovery under the contract for additional labels that were printed at the request of the defendant. We find this tb be in error.
As requested in the authorization letter, Flanagan Design was to design a label for Buckley’s Candies and arrange the printing of the labels. The labels were designed with a gold foil border. Franklin Press printed the labels at the plaintiff’s request. When the labels were attached to the candy cans the gold foil faded. Mr. Stern complained to Mr. Franklin about the labels. Franklin Press discovered that application of a coat of varnish to the labels cured the problem and picked up the remainder of the labels from the Sterns and applied the varnish at no charge. Thomas Holiday of Franklin Press testified that he picked up 3,700 of the 4,400 one pound candy labels and 3,600 of the 4,200 two pound candy labels and applied the varnish to cure the problems. After the labels were returned Mrs. Stern ordered an additional 3,000 labels from Franklin Press without informing the plaintiff.[1] Mrs. Stern testified that she thought the numbers quoted by Thomas Holiday were “a little high” but no evidence was presented by the defendants as to how many labels were picked up. The only evidence before the court was the figure given by Thomas Holiday. We find that the plaintiff should be allowed to recover for those labels which were not replacement labels.
Mr. Holiday testified that he picked up and applied varnish to all but 1300 of the original labels. There was evidence that these labels were on cans and had to be removed and replaced with the new labels. We allow a credit of 1300 labels as replacement labels against the 3000 labels ordered *391 by Mrs. Stern. That leaves 1700 labels that were “extra” labels ordered by Mrs. Stern. Franklin Press charged $2407.50 for the printing of the 3000 labels, or .8025 per label. According to the evidence presented, the plaintiff should recover for the printing costs of 1700 labels at .8025 per label or $1364.25.
QUANTUM MERUIT
The trial court denied quantum me-ruit because the plaintiff failed to prove the value to the defendant. We find this to be error.
This court in Houma Armature Works & Supply, Inc. v. Landry, 417 So.2d 42, 43-44 (La.App. 1st Cir.1982) stated:
Under the theory of quantum meruit, the law implies a promise to pay even in the absence of a specific contract....
Plaintiff is entitled to recover his actual cost, including general overhead attributable to the project, and a reasonable profit.... This is limited to the amount by which defendants’ property has been enhanced.
[[Image here]]
The plaintiff bears the burden of proving the value of the labor and materials furnished; defendants must then show that the amount claimed exceeds the amount of the enhancement. (Citations omitted).
The plaintiff introduced evidence of the costs of materials, labor and printing costs. This evidence was not disputed by the defendant insofar as it relates to items not covered in the letter of authorization. It was error for the trial court to disallow recovery for these items. Flanagan Design provided services in the design and printing of post cards for Buckleys Candies in the amount of $1150.06. They also provided services to R.L. Stern and Sons, LTD for two inserts that were placed in Business Report. The printing and design costs incurred by Flanagan Design were $5039.98 for insert # 1 and $12,992.16 for insert # 2. We find that the plaintiff should be allowed to recover these sums.
We reverse the judgment of the trial court as it relates to the denial of recovery for the printing costs of the additional labels for Buckley’s Candies, the design and printing costs of the post cards for Buckley’s Candies and design and printing costs of the magazine inserts for R.L. Stem & Sons, LTD.
The judgment of the trial court is reversed in disallowing quantum meruit. All costs of this appeal are assessed against the appellee.
REVERSED AND RENDERED.

. We note that the plaintiff is being held liable for an order placed by Mrs. Stern without his consent, however, Mr. Franklin admitted that he was responsible for the defective labels.