176 So.2d 836 (1965)
BORDELON MOTORS, INC., Plaintiff and Appellant,
v.
Dr. Robert THOMPSON, Defendant and Appellee.
No. 1471.
Court of Appeal of Louisiana, Third Circuit.
July 1, 1965.
Garland, DeJean & Ledet, by Stephen J. Ledet, Jr., Opelousas, for plaintiff-appellant.
Fruge & Foret, by J. Burton Foret, Ville Platte, for defendant-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit on an open account for $437.90, allegedly due for repairs made by plaintiff to defendant's Lincoln automobile. The district judge found that defendant had not authorized plaintiff to make repairs *837 costing over $100, but allowed an additional amount on a quantum meruit basis and rendered judgment for plaintiff in the sum of $207.83. Plaintiff appealed. Defendant did not answer the appeal.
The substantial issue is factual, i. e., whether Dr. Thompson authorized repairs only to the sum of $100. And a decision of this issue depends almost entirely on the credibility of the witnesses.
Briefly stated, the facts are that Dr. Thompson was having trouble with the steering gear on his Lincoln automobile. He first took it to Mr. Hampton Reed, who runs a garage in Ville Platte. But Mr. Reed didn't have certain special tools needed to repair a Lincoln, and advised defendant to take the car to Bordelon Motors, Inc., the Lincoln dealer in Opelousas. After three attempts to repair the old steering gear, plaintiff decided that a new steering gear would be necessary. As was their custom, plaintiff's mechanic also checked the car for other defects and decided it needed a new oil pan, new pinion oil seal, overhaul of 4 wheel cylinders, relining 4 brakes, replacement of rear axle parts, replacement of idle arm, alignment of front system, overhaul of starting gear, rebush control arms, repair power steering pump, etc.
Plaintiff's service manager, Mr. Robert Hayman, testified he telephoned Dr. Thompson that the steering gear could be replaced for about $130 and the remaining needed repairs would cost between $230 and $250, and that Dr. Thompson then authorized all of these repairs. The other items on the account are $41.97 to replace brake boosters and $9.18 to repair the power steering, both of which charges were made after plaintiff had done the above mentioned work.
Dr. Thompson testified, that although he remembered receiving the telephone call, he did not at any time authorize any repairs costing over $100. The district judge, who saw and heard the witnesses resolved this conflicting testimony in favor of the defendant. We find no manifest error in this regard.
The district judge decided that Dr. Thompson had not authorized repairs over $100, but concluded plaintiff was entitled to certain additional amounts on a quantum meruit basis. Without going into detail as to the figures, the method used by the district judge was to allow plaintiff its cost, without any mark-up, for all new parts actually installed in the automobile; and to allow labor charges only for replacing the steering gear, which computations resulted in an award of $207.83.
On appeal plaintiff contends that in the event we find an amount over $100 is recoverable only on the basis of quantum meruit, the trial judge has erred as to the measure of recovery. Plaintiff contends first that the total charge for labor in the sum of $142.55 should be allowed. However, we note that about $108 of the charge for labor represents work done in taking down and reassembling the steering mechanism 3 times, which efforts failed and were of no benefit to the defendant, because it was finally decided that the entire steering gear had to be replaced. Plaintiff also complains that its 26% profit on the parts should not have been deducted; and that it should have been allowed the small amount of sales tax.
Quantum meruit is an equitable doctrine, based fundamentally on the concept that no one who benefits by the labor and incidental materials of another should be unjustly enriched thereby; and that the law implies a promise to pay a reasonable amount for labor, materials, etc. furnished, even in the absence of a specific contract therefor. Bascle v. Perez, 224 La. 1014, 71 So.2d 551 (1954); 98 C.J.S. Verbo Work and Labor, Sec. 65, page 819 et seq.
In the case of Gilmore, et al. v. Gasquet, 178 La. 437, 153 So. 763 (1933), the court stated the general rule that the plaintiff in a suit on quantum meruit should recover "* * * as much as he reasonably deserves for his services, and the time *838 and labor required * * *" There is no definite test to determine the reasonable value of such services. It is a matter of equity, depending on the circumstances of each case. See Haase v. Brumfield, La. App., 137 So.2d 680 (1st Cir. 1962) and authorities cited therein. Certainly a great deal of discretion should be left to the trial judge. Under the circumstances of this case we think the award is adequate. Certainly the district judge did not abuse his discretion in this regard.
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.