206 So.2d 315 (1968)
T. E. SWAN, doing business as T. E. Swan & Company
v.
Herman BEAUBOUEF et al.
No. 2827.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1968.
Hugh B. Exnicios, Jr., Metairie, for defendant-appellee.
*316 John M. Holahan, New Orleans, for plaintiff-appellant.
Before REGAN, CHASEZ and BARNETTE, JJ.
CHASEZ, Judge.
T. E. Swan, doing business as T. E. Swan & Company, has instituted this suit to recover for services rendered by him in repairing and renovating the home located at 2427 Alvar Street, New Orleans, Louisiana, owned by the defendants, Herman Beaubouef, et al. The suit was argued on alternative theories of quasi-contract or quantum meruit, because the repairs were done on the basis of an agreement which didn't include a determination of the exact amount of compensation to be paid for the work. The actual cost of all the labor and materials was $1738.79, to which was added an amount to cover operating expenses and reasonable profit. The total amount prayed for by plaintiff is $2185.00. Defendant has paid $1200.00, leaving a balance of $985.00 which he refused to pay until certain alleged faulty work is completed. At the trial on the merits, the First City Court of New Orleans rendered a judgment in favor of plaintiff in the sum of $500.00 and costs. From this judgment plaintiff has appealed praying that the full balance of $985.00 be awarded in compensation for the work done by him.
The facts of this controversy began with the rather extensive damage done to the Beaubouef house by Hurricane Betsy. After the hurricane, Herman Beaubouef took on the task of renovating the house and began work on the damaged walls and floors. Finding that the repairs required more time and skill than he could furnish by his own efforts, Mr. Beaubouef discussed his problems informally with a friend in the contracting business, T. E. Swan. Mr. Swan came to the Beaubouef house, surveyed the work already begun and measured the house for further specific repairs as directed by Mr. Beaubouef. A short time after this survey was made Mr. Swan agreed to complete the restoration on a limited basis according to Mr. Beaubouef's specific directions.
There is no doubt that an agreement was reached as to the work that was to be done, but the negotiating parties failed to determine the exact amount that should be charged for the work. At the trial Mr. Beaubouef stated that he understood the original price to be $1600.00 with a mutually agreed on adjustment of $1650.00 to $1700.00. Mr. Swan says the exact amount was never discussed but he was to have an absolute limit of $2500.00. As stated earlier the actual cost of labor and materials was $1738.79, but the final bill submitted by Mr. Swan was for $2185.00.
At the trial on the merits, the pleas of both parties were substantially argued before the court. Testimony was given by both litigants as to the amounts each had paid for different materials and how much each had contributed to the actual work done to the house. Defendant was given the opportunity to offer testimony showing certain construction defects such as a roof leak and to offer other evidence to mitigate the recovery claimed by the plaintiff. The trial judge rendered a decision in favor of the plaintiff for approximately one-half the amount claimed, a sum a little less than the actual cost of labor and materials.
From this judgment defendant has declined an opportunity to appeal and in fact has stated his agreement with the equitable result of the decision. Plaintiff on the other hand has simply appealed for an increase in the original recovery without specification of error. Thus, both parties evidently agree with the basis of the lower court decision, but the appellant asks that the amount be increased. The issue then before this court is whether there is justification for an increase in the amount awarded by the lower court.
Since no written reasons were handed down by the court a qua, our initial task is to define the theory on which recovery may *317 be awarded. The plaintiff alleges that either quasi-contract or quantum meruit would permit recovery under the circumstances of this case.
We think the jurisprudential development of quantum meruit as outlined by the Supreme Court in Doll v. Albert Weiblen Marble and Granite Co., Inc., 207 La. 769, 22 So.2d 59 and followed in Bascle v. Perez, 224 La. 1014, 71 So.2d 551 is applicable to this case. Generally quantum meruit is based on the legal maxim that no one is to enrich himself at the expense of another. Article 1965, R. CC. The rule as derived from the above cited cases is very aptly explained in Bordelon Motors, Inc. v. Thompson, La.App., 176 So.2d 836, 837.
"Quantum meruit is an equitable doctrine, based fundamentally on the concept that no one who benefits by the labor and incidental materials of another should be unjustly enriched thereby; and that the law implies a promise to pay a reasonable amount for labor, materials, etc. furnished, even in the absence of a specific contract therefor."
The theory of quantum meruit authorizes the party performing the services to receive compensation for his work, although no contractual agreement was reached with respect to price to be charged.
The determination of this amount owed by the party receiving the benefit shall be derived from a reasonable evaluation of the services performed as adjusted to the circumstances of the individual situation. See Haase v. Brumfield, La.App., 137 So.2d 680. Thus a necessary issue to the suit involving quantum meruit is the reasonable evaluation of the services when such recovery is due and owing.
The question then before this court is reduced to one of fact, since neither party to the appeal contests the point of law that is determinative of the issues. The fact that quantum meruit on which recovery is based is not an issue of this suit on appeal permits us to assume that the parties are also in agreement with the method of recovery allowed under it. Therefore, the sole issue before this court involves the judicial evaluation of the services performed by Mr. Swan.
We are constrained to conclude that the trial judge erred in his determination of the amount to be recovered, and his judgment should be amended to allow recovery which takes into account normal operating expenses, depreciation, and a fair profit for the efforts of the contractor. The record reveals that the difference of $450.00 between the actual cost of labor and materials and the amount charged makes up gross profit from which normal operating expenses and depreciation must be deducted. There was no evidence introduced showing what these deductions would amount to, nor was there an estimation of what net profit could be derived from this account, but we believe that the gross profit is not excessive in view of the deductions which necessarily should be charged.
The items enumerated by Mr. Swan as making up the operating expenses cannot be individually accounted for in each contracting job that is undertaken, but they are estimated on the basis of the experience of the contractor. These items cannot be overlooked simply because it is difficult to value their cost exactly, but they form a fixed cost to the contractor which must necessarily be charged to the customer. If these costs were not allowed to be charged, because it is too difficult to ascertain their exact amount, then contractors would not be able to run a successful business.
The amount of net profit which is due Mr. Swan also cannot be estimated exactly in a job of this type, but it too is necessary as payment for the personal services of the contractor. The contractor's experience and personal ability to set up and supervise the work is chargeable to the customer as well as the cost of tangible materials which go into a job. This charge known as profit to the contractor is actually the cost of a particular service to the customer; this *318 service performed on behalf of the customer shall be included in the reasonable evaluation of work performed under the agreement. Therefore, unless it is shown that Mr. Swan's net profit is unreasonably high, then it should be a valid charge against the customer. We are of the opinion that contractors earn and deserve profit for their experience and management of construction jobs, and this profit should necessarily be an addition to the evaluation of services as performed under the agreement reached by the parties to this suit.
We believe that the judgment of the lower court should be amended to account for the additional charges which fall in the category of gross profit. We find that these charges as assessed by the plaintiff-appellant are not excessive under correct contracting standards and he should be allowed recovery in accordance with the reasons heretofore given. Therefore, the judgment of the lower court is amended to allow the full amount of $985.00 to be awarded to the plaintiff as originally prayed for. The judgment of the lower Court is otherwise affirmed with the costs of appeal charged to defendant.
Amended and affirmed.