483 So.2d 1110 (1986)
COASTAL TIMBERS, INC., Plaintiff-Appellee,
v.
Daniel L. REGARD, Defendant-Appellant.
No. 84-1067.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
Rehearing Denied March 18, 1986.
*1112 Armentor & Wattigny, Gerard V. Wattigny, New Iberia, for defendant-appellant.
Roy, Forrest & Lopresto, Alex A. Lopresto, New Iberia, for plaintiff-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
STOKER, Judge.
Wofford Folse is the owner and operator of Coastal Timbers, Inc., a contracting firm which builds piers, wharves, bulkheads and similar constructions. He agreed to replace an old pier at a Cypremort Point camp owned by his neighbor, Daniel L. Regard. The negotiations were informal, and confusion arose as to the basis of payment for the construction work. Regard asserts that Folse had agreed to build the pier, including end and middle houses, in exchange for another tract of land Regard owned at Spanish Lake. Folse contends that he agreed to do the job for $45 per foot, plus flat fees for the end and middle houses. When Regard objected to Folse's bill of $19,390.67 upon completion of the project, Folse credited him $5 per foot, reducing the total to $17,889.73. Regard still refused to pay, and Folse sued for that sum, plus interest and attorney's fees allowed in a suit on an open account. Regard reconvened for damages because of faulty construction, the use of existing materials in the new pier, and the failure to remove all the old pilings.
The trial judge found that the suit was not based on an open account, and denied the attorney's fees authorized in an action on an open account under LSA-R.S. 9:2781. He also found that there was no valid contract for the exchange of the Spanish Lake lot for the new pier, as such an agreement would have to have been in writing to be enforceable. He concluded that Folse and Regard had not formed a contract at any price because there had been no meeting of the minds. Therefore, he awarded Folse a recovery based on quantum meruit, as follows:

Cost of materials, including profit $ 8,503.69
Labor, equipment and construction
 profit 8,590.46
Sales tax on wholesale cost of
 materials to plaintiff 304.38
 __________
TOTAL $17,398.53

Legal interest of 12% per annum was awarded from the date of judgment.
The judge awarded the defendant, Regard, $180 for the cost of removing some parts of the old pier left by Folse. This award is not contested by plaintiff as defendant in reconvention and therefore is not at issue in this appeal.
Court costs were assessed one-third against the plaintiff and two-thirds against the defendant.
The defendant, Regard, appeals the judgment, listing ten assignments of error. We break the assignments down into three issues: (1) Was there a valid oral contract of exchange? (2) Was the award in quantum meruit properly calculated? (3) Should Regard have been cast in judgment for two-thirds of the court costs?

*1113 EXISTENCE OF A CONTRACT OF EXCHANGE
A contract of exchange is subject to the provisions governing a contract of sale, except where otherwise provided. LSA-C.C. Article 2667. Thus LSA-C.C. Article 2275, the substance of which is now found in Article 1839, provided at the time this action arose:
"Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold."
No writing was ever signed by Folse. However, Regard argues that statements made by Folse during the trial should be interpreted as a confession under oath of the existence of a contract, and that Regard's willingness to execute an act transferring the Spanish Lake lot should qualify as a taking of possession by Folse. We disagree. Folse denied agreeing to the exchange. The evidence clearly establishes that Folse and Regard discussed the possibility of exchanging a lot for the construction work. Folse consulted his accountant, who advised against such a transaction. Regard may have believed that a contract had been formed, but we conclude that the trial court did not err in finding that Folse never got beyond the discussion stage. Folse's admission that he at one time considered the possibility of an exchange is not an admission of an intent to contract.
Even if some of Folse's statements could be interpreted as admissions, no delivery took place. This court stated in Duhon v. Dugas, 407 So.2d 1334, 1338 (La. App. 3d Cir.1981), that "[a] determination of whether `actual delivery' of an immovable has been made as required by LSA-C.C. Article 2275 depends on the facts and circumstances of each individual case." There, in a dispute involving the sale of a house, the plaintiff had given the defendant a check for the full amount of the purchase price. From that time the house "was in fact transferred or placed into the power and possession of the plaintiff (buyer)." In the case before us, no transfer ever took place. Folse never signed a document effecting the exchange, and did not have power or possession of the Spanish Lake property. Regard's argument on this subject is without merit.

AWARD IN QUANTUM MERUIT
The trial judge correctly stated that, as no contract existed between Folse and Regard, Folse was entitled to an award in quantum meruit to prevent the unjust enrichment of Regard at Folse's expense. Quantum meruit is an equitable remedy, based on former LSA-C.C. Article 1965,[1] which provided that "no one ought to enrich himself at the expense of another," and on LSA-C.C. Articles 2292-2294, relating to quasi-contracts. Where there has been an enrichment in the absence of a contract, the law implies a promise to pay a reasonable amount for the labor and materials furnished. Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3d Cir.1976); Bordelon Motors, Inc. v. Thompson, 176 So.2d 836 (La.App. 3d Cir.1965). Recoverable items include the actual cost of materials and labor, including general overhead, and a reasonable or fair profit. Houma Armature Works & Supply, Inc. v. Landry, 417 So.2d 42 (La.App. 1st Cir.1982); Skains v. White, 391 So.2d 1327 (La.App. 2d Cir.1980); Brummett v. Hamel's Dairy, Inc., 324 So.2d 502 (La.App. 2d Cir.1975).
A calculation of the actual cost of materials and labor is elusive, as Folse did not keep accurate records of his expenses. The testimony of other contractors was admitted to supplement and to rebut Folse's estimates. The defendant argues that this evidence should not have been admitted, because under Skains v. White, supra, the bids of other contractors may not be used as a guide in a quantum meruit case. We disagree with this contention. *1114 The goal of quantum meruit is to compensate the claimant with a reasonable amount in return for his labor and materials. While the actual cost is the ideal starting point, that figure is not available in this case. We do know that an enrichment has taken place. Therefore, the testimony of contractors who perform similar work is helpful in determining the amount of compensation due to Folse for the building of the pier. Skains does not prohibit the use of this evidence. In Skains the Second Circuit merely found that the bid of a competing contractor was of no assistance in determining the quantum meruit award, as the contractor had little experience in the type of work performed by the plaintiff. As long as the testimony of other contractors is reliable and pertains to items which are recoverable in quantum meruit, we see no reason to exclude it.
Folse was able to compile a list of materials used in building Regard's pier, and to estimate his retail charges for them to include overhead, freight charges and a profit of 20%. His total was $8,951.25. Testimony by one of Folse's competitors led the trial judge to believe that, while Folse was entitled to recover for overhead, freight and a reasonable profit, Folse's 20% profit was excessive. The judge therefore reduced the profit allowed to 15%, and subtracted 5% from $8,951.25. The resulting award was $8,503.69 for materials. We find no error in this part of the award.
The trial judge accepted the construction calculations of a competing contractor, rather than Folse's more inflated figures. The competitor stated that a charge of $80 per hour would cover labor, equipment and a reasonable profit. He opined that Regard's pier would require eight 10-hour days. Based on these figures (eight days × 10 hours × $80 per hour), the trial judge awarded $6,400 for the construction of the pier, exclusive of the end and middle houses. (The end and middle houses are shelter-type structures built upon the pier.) We find no error in the use of these figures, as the credibility of the witnesses and the reliability of their testimony were his to weigh. However, the costs were based on 1982 prices, and the witness stated that material and labor prices had increased an average of 5% a year for two years. Since the witness conditioned his own testimony upon the 5% increase, we feel the trial judge should have adjusted his calculation accordingly. We modify the award for the construction of the pier to $5,805, the 1980 value of the judge's award.
Due to the lack of experience of the other contractors, the trial judge chose to use Folse's estimates to arrive at the costs of the end and middle houses. He subtracted Folse's material prices ($2,153 for the end house and $1,221.54 for the middle house) from the charges on the bill ($3,680 and $1,885), and concluded that $1,527 and $663.46, or a total of $2,190.46, represented labor, equipment and profit on the end and middle houses. Regard contends that a different method of computation should have been used. Whether or not we would have used these estimates, there is sufficient basis in the record for them, so we cannot say the judge erred. We affirm the award of $2,190.46 for these structures.
The defendant contends that Folse is not entitled to a profit under quantum meruit, and that the trial judge erred in allowing a profit both for materials and for labor. He misinterprets the jurisprudence on both points. First of all, profit is clearly recoverable, as we have already stated. See Houma Armature Works & Supply, Inc., supra; Skains, supra; Brummett, supra. Second, we do not feel that adding a profit to each aspect of the job results in any sort of double recovery. Folse is entitled to a fair profit. Since he normally makes a profit both as a retailer and as a contractor, it is only fair to consider both in a quantum meruit award. The other contractors who testified also included a profit on both materials and labor. We find no error in the inclusion of an allowance of profit for both.
*1115 Overhead is also allowed in a quantum meruit award. As Regard notes, overhead is a nebulous figure, covering costs of doing business which cannot be attributed to any particular project. These costs are usually recovered by adding a percentage to the job. Any specific calculation of the portion of such items as rent, insurance, or depreciation which is attributable to a particular job would be virtually impossible. The contractors who testified all used a percentage to assign overhead. We find no error by the trial judge in accepting Folse's testimony over that of the other witnesses.
The case of Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (La.App. 3d Cir.1975) placed a double limitation on quantum meruit recovery: (1) plaintiff cannot recover more than the actual value of his services and materials, plus a fair profit; and (2) plaintiff cannot recover more than defendant was enriched by plaintiff's services. The latter limitation was expounded upon in Swiftships, Inc., supra at 1196:
"The question of whether the cost of the services rendered by plaintiff exceeds the amount by which defendant has been enriched is one, we believe, which ordinarily should be raised as a defense to the action. Plaintiff bears the burden of proving the value of the labor and materials furnished by him, and we think he makes out a prima facie case for recovery on quantum meruit when he does that. If the defendant urges as a defense that the amount claimed by plaintiff exceeds the amount by which he has been enriched, then we believe that the burden of proof rests on defendant, and not the plaintiff, to prove that the sum claimed by plaintiff exceeds the amount by which he was enriched. In this case, defendant has failed to show that the amount of labor and materials furnished by plaintiff exceeded the enhanced value of the boat, and defendant thus is not entitled to have plaintiff's claim reduced."
Regard offered the testimony of an appraiser, who stated that the pier enhanced the value of Regard's camp by $10,000. The trial judge stated that "[t]he accuracy of this testimony is highly suspect and cannot be accepted by this court as a reliable measure of enhanced value." He had ample grounds to question the reliability of the appraisal. We find no error in his judgment of credibility. Here, as in Swiftships, the defendant has failed to meet his burden of showing that the costs of materials and construction exceed the amount of his enrichment.
The trial judge awarded the plaintiff $304.38 to compensate him for the sales tax paid on the cost of materials. While a contractor usually will not charge directly to a customer the sales tax paid by him, the testimony of a CPA showed that this cost was figured into the lump sum price of a job. Since a lump sum price is not used in a quantum meruit case, we feel it was proper to award this item to the plaintiff as an actual expenditure in the construction of the pier. We affirm the award of $304.38 for sales tax on the cost of materials to Folse.
The defendant contends that the trial court erred in not awarding him the cost of the replacement of four old pilings incorporated by Folse into the new pier. We agree with the judge's finding that the evidence shows that the old pilings have as long a life expectancy as any new materials would, due to the supporting batter pilings. The need for the replacement of the pilings was not proven.
To recapitulate, we award the plaintiff the following amount:

Cost of materials, including
 profit $ 8,503.69
Labor, equipment and
 construction profit
 Pier $ 5,805.00
 End and middle houses 2,190.46
 __________
 7,995.46
Sales tax on wholesale cost
 of materials to plaintiff 304.38
 __________
TOTAL $16,803.53

*1116 COURT COSTS
Generally, court costs are to be borne by the party cast. However, the court may assess them in any manner it considers equitable. LSA-C.C.P. Article 1920. Regard assigns as error the assessment to him of two-thirds of the court costs, alleging that Folse's misconduct and lack of credibility warranted the imposition of all court costs upon him.
We have affirmed with only slight modifications the trial court's judgment. In awarding Folse $17,398.53, the trial judge obviously accepted Folse's testimony as credible. We see no reason to disturb this credibility evaluation. Regard charges that a substantial portion of the costs were attributable to Folse's failure to produce certain records during discovery. Mr. Folse did not keep records of materials used or labor expended in building Regard's pier. We find no bad faith in the failure to produce these documents when they did not exist.
The record showed that a genuine misunderstanding existed between Folse and Regard. For the most part, Folse prevailed. However, Regard presented valid arguments, and obtained judgment on one item. We feel that it was equitable to divide the court costs between the litigants. We affirm the assessment of two-thirds of the court costs against the defendant, and one-third against the plaintiff.

CONCLUSION
The judgment of the trial court is modified to award to the plaintiff, Wofford Folse, $16,803.53, and as modified is affirmed, together with 12% interest from the date of judgment. We affirm the award of $180 to the defendant, Daniel L. Regard. We also affirm the trial court's assessment of the court costs two-thirds to the defendant and one-third to the plaintiff. We assess all costs of this appeal to the defendant.
JUDGMENT MODIFIED AND AFFIRMED AS MODIFIED.
NOTES
[1] Amended by Acts 1984, No. 331, Sec. 1. See LSA-C.C. Article 2055.