JAMES F. McKAY III, Judge.
h The plaintiffiappellant, Orleans Sheet Metal Works and Roofing, Inc. (Orleans), appeals the judgment of the trial court awarding the plaintiff in reconvention, Mark Rabito, $20,000.00 in damages.
FACTS AND PROCEDURAL HISTORY
This matter concerns the installation of a roofing system on new residential construction at 7515 Canal Boulevard. On May 27, 1993, Mr. Rabito entered into a contract with Orleans to install a three-tiered roofing system that included a high pitch shingled roof, a low sloped shingled roof over the rear of the house and a flat roof over a covered patio area with a two-year guarantee against any defects in workmanship. On September 2, 1993, the same parties entered into a second contract for the installation of gutters and down spouts on the same home for $3,090.00 with a $2,000.00 down payment and a balance due upon completion of $1,090.00. Mr. Rabito alleges that five months before he moved into the house leaks began as a result of faulty workmanship. Mr. Rabito notified Orleans of these problems. Orleans attempted to fix the leak problem in August of 1994. The leaks continued after this date. In an effort to determine the cause of the leaking, Mr. Rabito consulted an outside roofing company, Brooks Roofing, who attributed lathe problem to defective installation of the gutter system. Orleans was given a copy of this report with a request from Mr. Rabito that Orleans correct the problem. Brooks Roofing amended its report and recom *1146 mended that the entire flat roof and gutters be removed and replaced and that some of the shingles on the high roof also be replaced.
On June 27, 1996, Ted Schwander of Orleans came out to the Rabito home to inspect the complained of areas of the roofing system. As a result of the inspection, Orleans agreed to install flashing, repair broken seams, paint gutters and re-flash under the window on the rear of the house. In December of 1996, Orleans performed this remedial work.
In March of 1997, Mr. Rabito discovered termites in the rear corner of the house where some of the leaking had occurred. On March 14, 1997, Dial One Franklynn Pest Control Co. rendered a report. The damage repair amount was $3,185.00.[1]
Also in March of 1997, Mr. Rabito hired Steve Braquete, an architect and roofing consultant, and Dennis Fos, a roof company owner; both prepared reports on the estimate cost to correct the alleged defective work. As of July 30, 1998, the estimated cost to repair the deficiencies was $13,195.99, but the updated estimate was $19, 515.00. The trial court in its reasons for judgment estimated the cost of these two remedial jobs at $22,700.00.
The trial in this matter was held on July 16, 2003, wherein the trial court found in favor of the plaintiff in reconvention, Mr. Rabito, and against Orleans for damages in the amount of $20,000, for failure “to perform all work in ' a good and | ^workmanlike manner,” plus court costs and interest from the date of judicial demand. This judgment was signed on August 21, 2003.
ASSIGNMENTS OF ERROR
The appellant raises numerous assignments of error which generally assert that the trial court erred in awarding the plaintiff in reconvention $20,000 in damages. In Orleans’ principal demand below, it asserted $1,090.00, was due in an outstanding balance on an open account with Mr. Rabito. Appellant had failed to urge this issue before this Court in the case sub judice. Therefore, we will not address the issue in this appeal.
STANDARD OF REVIEW
The standard of review for factual findings in this case is the manifestly erroneous or clearly wrong standard. In our three-tiered judicial system, findings of fact are allocated to the trial courts. It is a well-settled principle that an appellate court may not set aside a trial court’s finding of fact unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly wrong. Rosell, supra at 845; Watson v. State Farm, Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra at 1333. Where the factfinder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact | ¿can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra at 844. The reviewing court must always keep in mind that if a trier of fact’s find *1147 ings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
For the reviewing court, the issue to be resolved is not whether the trier of fact was wrong but whether the factfin-der’s conclusions were reasonable. Stobart, supra at 883; Theriot v. Lasseigne, 93-2661 (La.7/5/94),640 So.2d 1305. Mistich v. Volkswagen of Germany, Inc. 95-0939, (La.1/29/96), 666 So.2d 1073, 1077.
DISSCUSSION
The appellant argues that the trial court erred in its award of $20,000.00 to the plaintiff in reconvention for faulty workmanship in the installation of a roofing system.
In arguing that the trial court erred in awarding Mr. Rabito $20,000.00 for the appellant’s faulty workmanship, the appellant forwards numerous assertions.
First appellant argues that the trial court erred in awarding damages which included the installation of an entirely new laminated architectural shingle roof because of a lack of a fourth nail. While appellant admits that only three nails were used to secure the shingles to the pitch roof, he argues that because there is no diseernable damage to either the shingles or the roof or as a result of the lack of a nail, that the trial court should not have included the amount of a new roof in its award. The appellant argues that there is no proof that a single shingle slipped or 1 Bmoved in the more than 10 years since the original installation, nor were there any leaks in the shingle roof.
Conversely, the appellee asserts that both of his experts testified that the use of four nails was a manufacturer requirement not merely a recommendation. He also asserts that this was poor workmanship and not in accordance with roofing practices or industry standards. He further asserts that this poor installation renders his roof unfit for its intended purpose which is to keep the home weather tight. Mr. Rabito’s experts also testified that due to Orleans’ numerous attempts to repair the roof that many shingles are torn and have nail holes resulting in the roof not being weather tight.
In its reasons for judgment the trial court merely mentions that the lack of the fourth nail was not in accordance with manufacturing specifications. Nevertheless, the trial court determined that the only solution to cure the defects was to replace the roof. Additionally, in its reasons for judgment the trial court said, “The witness estimated that the cost of correcting problems caused by the poor workmanship would be approximately $13,195.00 to repair/replace.” However, the trial court apparently added in the updated estimated amount of $19,515.00. While we may not totally agree with the trial court determinations that the shingles had anything to do with the damages that the appellee claims, it was clearly a credibility call, and therefore based on the applicable standard of review, cannot be disturbed on appeal.
Second, the appellant argues that the trial court erred in failing to discount the award because of the beneficial use of the roof for more that ten years since its installation in June of 1993. Appellant asserts that the use of this roof was undisturbed for ten years and attributes some of the leakage to improper 1 «installation of brick not their work-product. Appellant argues that in Beth Israel v. Bartley, Inc., 579 So.2d 1066 (La.App. 4 Cir.1991), this Court acknowledged that credit should be *1148 granted for the use of the roof where the use was undisturbed.
Based on the facts of this case, there is some question as to whether or not this situation could be construed as undisturbed use where the record clearly establishes that the homeowner’s use of this roof was continuously disturbed. The record is replete with inspections, repairs and repeated leakage problems. We find no error in the trial court’s decision not to discount the cost of the roof. This argument is without merit.
Third, appellant specifically argues that the trial court erred in assessing damages for the flat roof where there was no leak as a result of the appellant’s work. Appellant goes into great detail addressing this issue. The appellant claims that numerous water tests proved that the leak in the home was not due to the gutter/flashing installation but to a brick installation problem.
Although the trial court does not specifically address the issue of the flat roof in its reasons for judgment, there is clear indicia of its intent to provide for the replacement of the entire roof as a solution to the problem. To quote the trial court’s judgment, “Both Dennis J. Fos of Roof Technologies, Inc. and architect, Stephen Braquet, testified that the entire roof must be taken off and completely replaced. This court finds the testimony of defendant, RABITO, to be credible.” While no specific sum of money was attributed to the alleged flaws in the flat roof installation, the trial court cumulated all of the damage and repairs to a rounded figure of $20,000.00, which to this Court’s calculation is not the actual cost of the reimbursement and repairs but less. This Court cannot now go back and dissect the |7trial court’s aggregated damage award. Therefore, we defer to the judgment of the trial court for this factual determination and credibility call.
Fourth, the appellant argues that the trial court erred in assessing damages where Mr. Rabito failed to timely and economically make the necessary repairs.'
We refer back to our reasoning in appellant’s second assertion. It is abundantly clear from the record that ,Mr. Rabito did indeed continuously complain to the appellant concerning necessary repairs to his roof and called in various experts to determine the cause of his roof leakage problems. Furthermore, the trial court heard all of the testimony and made a credibility call which this Court will not disturb on appeal.
Finally, the appellant argues that the trial court erred in awarding Mr. Rabi-to $3,185.00 for the repair work done to the roof based on termite damage. The appellant argues that there is no evidence in the record that can attribute the termite damage to Orleans.
On the contrary the trial court determined from the testimony provided by the appellee’s experts that the termite damage was the result of Orleans’ defective work, in particular the result of water infiltration in the location of the termite damage. This damage was attributed to the gutter installation and improper flashing. Although the appellant asserts that there is a definitive conclusion that the leakage was due to improper brick installation, which may or may not be accurate, the trial court was in a better position to observe all of the witnesses and examine all of the evidence and concluded that the appellant’s workmanship was more culpable.
[aThe judgment of this case hinges on factual determinations based on the evidence and the credibility of witnesses. The trial court found the plaintiff in recon-vention’s/ appellee’s testimony and evidence more credible. This is a factual finding and we are bound to apply the aforementioned standard of review.
*1149 CONCLUSION
We have reviewed the record thoroughly and find nothing that would be considered clearly wrong, nor even unreasonable, in the trial court’s finding. The trial court chose a permissible view of these facts and had a reasonable basis to do so; thus, we may not reverse.
AFFIRMED.

. Mr. Rabito hád the repair work done and the trial court estimated this to be a reimbursement amount.