CHARLES R. JONES, Chief Judge.
| ,The Appellants, Dr. Emmett B. Chapi-tal, Jr., Jovita Chapital and the Chapital Cardiology Clinic, LLC, seek review of the judgment of the district court holding that a valid contract did not exist between the Appellee, Sam Staub Enterprises, Inc., (“Staub”), and Dr. Chapital and Mrs. Cha-pital (“the Chapitals”), and awarding Staub $67,000 — less $17,100 in damages awarded in reconvention to the Chapitals — pursuant *692 to the doctrine of quantum meruit or unjust enrichment. Finding that the district court did not commit manifest error in awarding damages to Staub totaling $49,900, and in not awarding further damages in reconvention to the Chapitals, we affirm the judgment of the district court. Furthermore, we deny the Answer to Appeal of Staub.
Dr. Chapital is a cardiologist and the owner of the Chapital Cardiology Clinic, LLC, which operates the clinic located in Orleans Parish. Following Hurricane Katrina, Dr. Chapital received various bids or estimates from contractors for the renovation of the clinic and for renovation of the home of the Chapitals. Dr. Chapital selected Staub to renovate the clinic. In 2005, Staub presented Dr. Chapital with a bid for the renovation of the clinic, which he accepted. The clinic was then repaired without issue. Following the renovation of the clinic, Staub |2submitted two (2) more estimates, which were related to the renovation of the home of the Chapitals. These bids were presented to Dr. Chapital for his rejection or acceptance. The Appellants allege that the acceptance of each bid represents a contract with Staub.
The second of these bids, submitted by Staub to Dr. Chapital, was a bid in the amount of $106,005.49 to renovate the home of the Chapitals. Dr. Chapital accepted the bid in December 2005. In 2006, a third bid for additional home renovations was made by Staub in the amount of $67,760, which Dr. Chapital also accepted. The Appellants aver that the acceptance of this bid represents the third contract between the parties.
From January 2006 through June 2006, Staub provided weekly invoices to Dr. Chapital, who would pay weekly by check. By June 2006, the Chapitals ceased paying the invoices maintaining that the workmanship of Staub was faulty, and that the renovations were not yet complete. Staub avers it was never advised by the Chapi-tals of the defective work. Staub continued working on the Chapitals’ home until October 2006, when Sam Staub — the owner of the construction company — determined that Staub could no longer afford to work without payment and ceased the renovations.
Staub subsequently filed suit against the Appellants for money owed for the renovation work performed. Seeking $105,768.55 in damages, including $67,000 for materials and $50.00 per hour for each man hour worked, as well as interest, costs, and reasonable attorney fees, Staub contends that the parties had a verbal agreement that the Appellants would pay for the cost of materials and labor. The Appellants filed a reconventional demand seeking damages caused by fraud, faulty construction, substandard workmanship, and delay. The district court found that a ^contract did not exist between the parties and rendered judgment in favor of Staub in the amount of $67,000 for materials, but offset that amount with a $17,100 award to the Appellants in reconvention for repair costs. Thus, the total amount awarded to Staub was $49,900. The Appellants timely filed the instant appeal, and raise seven (7) assignments of error on appeal:
1. The district court erred in finding that there were no contracts/agreements between the parties;
2. The district court erred in finding that there was no breach of contract/agreement damages due, as the Appellants claim, because there were no contracts/agreements;
3. The district court erred in ruling that Staub should be awarded $67,000.00 in quantum meruit and unjust enrichment;
4. Staub represented that he was a licensed commercial contractor to secure *693 the three contracts. It was discovered that his representations were untruthful. Is this considered a breach of contract and can a fraudulent contractor enforce a quantum meruit claim;
5. The Appellants, in their reconven-tional demand are entitled to an award of attorney fees for breach of contract, if the court finds there were written bids/offers and acceptances;
6. The district court erred in not fully awarding monetary damages incurred by the Appellants, in reconvention, to complete the project and to correct the faulty work and poor workmanship of Staub; and
7. The Appellants, in their reconven-tional demand, are entitled to attorney fees for breach of agreement.[1]
|4In the first assignment of error raised by the Appellants on appeal, they argue that the district court erred in finding that there were no contracts or agreements between the parties. As we previously stated, Staub formulated three estimates that the Appellants argue are “bid/offer contracts”, which were presented to Dr. Chapital for his rejection or acceptance. The Appellants further argue that after the clinic was renovated to the satisfaction of Dr. Chapital, they paid the full amount of the first bid to renovate the cardiology clinic. They contend that this method of receiving a bid and accepting it is how the parties subsequently agreed on the renovations for the home of the Chapitals.
The Appellants further argue that Staub judicially confessed that all three agreements were executed in the same manner and therefore evidence that the parties would reach an agreement based on Staub’s production of a bid for the Chapi-tals to review. The Appellants aver that they accepted all three bids/offers wherein the costs were clearly stated as well as the work description for each project.
The appellate standard of review with regard to contractual interpretations is as follows:
[wjhere factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed unless manifest error is shown. However, when appellate review is not premised upon any factual findings made at the trial level, but is, instead, based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. In such cases, appellate review of questions of law is whether the trial court was legally correct or legally incorrect.
New Orleans Jazz & Heritage Found., Inc. v. Kirksey, 2009-1438, p. 9 (LaApp. 4 Cir. 5/26/10), 40 So.3d 394, 401, writ denied sub nom. New Orleans Jazz & 5Heritage Found. Inc. v. Kirksey, 2010-1475 (La.10/1/10), 45 So.3d 1100 (citing Clinkscales v. Columns Rehabilitation and Retirement Center, 08-1312, p. 3 (La.App. 3 Cir. 4/01/09), 6 So.3d 1033, 1035-1036).
The existence or nonexistence of a contract is a question of fact and, accordingly, the determination of the existence of a contract is a finding of fact, not to be disturbed unless clearly wrong. Price v. Law Firm of Alex O. Lewis, III & Associates, 2004-0806, p. 3 (La.App. 4 Cir. 3/2/05), 898 So.2d 608, 610-11, writ not considered, 2005-0877 (La.5/20/05), 902 So.2d 1036 (citing Crowe v. Homesplus *694 Manufactured Housing, 38,382, p. 9-10 (La.App. 2 Cir. 6/21/04), 877 So.2d 156, 161-162).
Noting herein that the written contract at issue between the parties was unsigned and therefore without effect, the district court found that there was no meeting of the minds between the parties on the matter of the total cost of their home renovation. The district court did not rule as to whether other or previous contracts existed between the parties; thus, the only issue before us is whether a contract existed between the parties involving the home renovation of the Chapitals. The district court explained as follows:
It was undisputed that there was no signed written contract between the parties. However, plaintiff did provide defendants with “estimates” listing work to be done, labor required, and the cost of materials and labor. (See Exhibit [sic] 1 and 2) Dr. Chapital testified that he believed these “estimates” to be the parties’ contracts. In fact, the “estimates” were sent to the Chapitals’ insurance company. Dr. Chapital further testified that he paid the weekly invoices through May 2006 believing that each of those payments would act as a draw down on the total cost of the project. In fact, the total invoices paid by defendant through May 2006 undisputably [sic] equal the “estimates”, as reflected in Exhibit 1 and 2. Plaintiff testified that this was a mere coincidence and in fact, the “estimates” meant nothing, they were created so that | ndefendants (and their insurer) would have an “idea” of what the project would cost and nothing more. It was very clear to this Court from the evidence presented that there was no meeting of the minds as to the price/cost of the project and therefore no contract. La. C.C. Art. 1927. Because there was no contract, there was no breach, and no damages shall be awarded based on a breach of contract.
Louisiana Civil Code article 1927, entitled Consent, states that “[a] contract is formed by the consent of the parties established through offer and acceptance.” Article 1927 further provides that:
Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.
The Appellants argue that pursuant to La. C.C. art 1927, there was an offer and acceptance to constitute an agreement based on the pattern of their acceptance of the estimates of Staub. The district court determines whether “there was a meeting of the minds of the parties to constitute consent”. Worley v. Chandler, 44,047, p. 4 (La.App. 2 Cir. 3/4/09), 7 So.3d 38, 42 Cciting Hanger One MLU, Inc. v. Unopened Succession of James C Rogers, et al., 43,120 (La.App. 2 Cir. 4/16/08), 981 So.2d 175).
In the matter sub judice, we cannot say that the district court erred in finding that there was no meeting of the minds on the total cost of the project. This is especially true because while it is clear that Staub submitted estimates to the Chapitals for review, Staub argues that the estimates were just that, estimates as to cost, but not a contract. Moreover, Staub argues that the estimates neither encompassed change orders requested by Dr. Chapital, nor the full and final scope 17of work and renovations eventually requested by Dr. Chapital. Indeed, the parties did not even have a meeting of *695 the minds as to how they allegedly agreed to the terms of the project in question. Staub argues there was a verbal agreement, while the Appellants maintain that there was an offer and acceptance based on Staub’s submission of estimates. Whereas the Chapitals aver their acceptance of estimates constituted a contract, it is clear that for Staub the estimates did not totally encompass the total cost for which it expected payment. While another trier of fact may have reached a different conclusion, we do not find that the district court erred in determining that a contract did not exist between the parties. Thus, this assignment of error is without merit.
The second assignment of error raised by the Appellants is that the district court erred in finding that there was no breach of contract/agreement damages due because there was not a contract. We pre-termit this assignment of error because the district court did not err in determining that a contract did not exist; thus, the district court did not err in determining that a breach of contract did not occur.
The third assignment of error raised by the Appellants is that the district court erred in ruling that Staub should be awarded $67,000 in quantum meruit and unjust enrichment. The Appellants argue that because a contract existed between the parties, an award of damages pursuant to quantum meruit and unjust enrichment was erroneous. They argue that pursuant to Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 572 (La.1989), if there is an enforceable remedy or agreement, quantum meruit cannot apply. They further argue that, under Morphy, a contract can exist without an agreement as to price. Lastly, they aver that the existence of a contract can be implied from actions | ^without words, either written or spoken, and a contract can exist without a stated compensation or price pursuant to Louisiana Civil Code Article 1811 and 1816.
As we explained above, the district court did not err in reasoning that a contract, whether written or verbal, did not exist between the parties. The district court— after considering all the evidence, testimony and law presented — made a finding of fact that there was no meeting of the minds on the issue of cost, which is the matter in dispute between these parties. Thus, because we upheld this finding, we cannot say that an award to Staub based on unjust enrichment or quantum meruit is without merit.
“Quantum meruit is an equitable remedy, based on former LSA-C.C. Article 1965, which provided that ‘no one ought to enrich himself at the expense of another,’ and on LSA-C.C. Articles 2292-2294, relating to quasi-contracts.” Coastal Timbers, Inc. v. Regard, 483 So.2d 1110, 1113 (La.App. 3 Cir.1986). Where there has been an enrichment in the absence of a contract, the law implies a promise to pay a reasonable amount- for the labor and materials furnished. Id. at 1113 (citing Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3 Cir.1976); Bordelon Motors, Inc. v. Thompson, 176 So.2d 836 (La.App. 3 Cir.1965)).
The jurisprudence of our state has allowed for contractors to recover the value of the actual cost of materials and labor, including general overhead, and a reasonable or fair profit, in the absence of a contract under the doctrine of quantum meruit. Villars v. Edwards, 412 So.2d 122, 125 (La.App. 1 Cir.1982) writ denied, 415 So.2d 945 (La.1982); Coastal Timbers, Inc. v. Regard, 483 So.2d 1110, 1113 (La.App. 3 Cir.1986); Swan v. Beaubouef, 206 So.2d 315, 317 (La.App. 4 Cir.1968); N. Dev. Co., Inc. v. McClure, 276 So.2d 395, 400 (La.App. 2 Cir.1973); 9Crescent Coat *696 ing Co., Inc. Through Knight v. Berghman, 480 So.2d 1013, 1018 (La.App. 5 Cir. 1985).
The award of $67,000 represents the costs of materials that Staub furnished for the home renovation. We do not find that the district court erred in awarding this amount to Staub. This assignment of error is without merit.
The fourth assignment of error raised by the Appellants is that Mr. Staub misrepresented that he was a licensed commercial contractor to secure work with the Appellants. They argue that Staub should not be awarded any damages for either breach of contract or under the doctrine of quantum meruit because Mr. Staub was not licensed.
While Mr. Staub admitted in his testimony that he was not a licensed contractor when the Appellants hired him, the Appellants cite no law to support their argument that an unlicensed contractor and/or an individual who fraudulently represents themselves to be a contractor is precluded from recovering damages for unjust enrichment or quantum meruit. Indeed, the only instance where fraud will prevent an alleged contractor from recovering under the doctrine of quantum meru-it is when the alleged contractor entered into a contract with a public body. See Corbello v. Jefferson Davis Parish Police Jury, 262 So.2d 151, 152-53 (La.App. 3 Cir.1972); Marquette v. Hous. Auth. of Opelousas, 137 So.2d 374, 377-378 (La.App. 3 Cir.1962). Considering the lack of legal authority supporting the argument of the Appellants, we find that this assignment of error to be without merit.
In the fifth assignment of error raised by the Appellants, they argue that they are entitled to an award of attorney fees for breach of contract in their reconven-tional demand, should this Court find there were written bids/offers and 1 macceptances. However, we pretermit discussion of this assignment of error having affirmed the ruling of the district court that a valid contract did not exist between the parties.
The sixth assignment of error raised by the Appellants is that the district court erred in not fully awarding monetary damages incurred by them, as plaintiffs in reconvention, to complete the project and to correct the faulty work and poor workmanship. The Appellants argue that the district court improperly rejected the bids/offers, invoices, testimony, and photographs presented and submitted into evidence by the following witnesses and/or contractors:
1. Philip Luke — $4,635
2. Issue of Cabinets and Agreement— $29,555
3. Roderick Baptiste — $10,552
4. Lionel Davis — $11,540
5. Horace Bynum — $3,625
6. Alvarez Walter — $1,450
7. Broken mirror — $2,985
District courts are vested with great discretion when awarding damages. Miller v. Lammico, 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711. “An appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion.” Id. “It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of a particular injury to the particular plaintiff under the circumstances that the appellate court should increase or reduce the award.” Moody v. Cummings, 2009-1233, p. 3 (La.App. 4 Cir. 4/14/10), 37 So.3d 1054, 1058, writ denied, 2010-110611 (La.9/3/10), 44 So.3d 686 (citing Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993)).
*697 Furthermore, “[w]here the factfinder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Orleans Sheet Metal Works & Roofing, Inc. v. Rabito, 2004-0359, pp. 3-4 (La.App. 4 Cir. 8/17/05), 916 So.2d 1143, 1146 (citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989)). The reviewing court must always keep in mind that if a trier of fact’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Id., p. 4, 916 So.2d at 1146-1147 (citing Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990)).
In the instant matter, the Appellants, in their reconventional demand, claimed $111,466.84 in damages “to correct the unfinished construction, faulty work, and poor workmanship” of Staub. Nevertheless, the district court awarded $17,100, calculated as follows:
$2,100 — for clean-up they were charged for and paid to Staub
$2,400 — Stuccoing of areas where Staub performed defective brick work
$5,650 — paid by the Chapitals to Alex Williams to correct the defective brick work of Staub
$6,100 — paid to Ken Griffin to correct mistakes |12cause by Staub’s employees who covered vents with sheetrock and damaged ductwork in the kitchen.
$850 — for trash pick-up the Chapitals paid for to have debris left by Staub’s employees removed.
$17,100: Total
The district court lucidly articulated why it did not award more damages to the Appellants. The majority of the claims raised by the Appellants were deemed unsubstantiated by the district court. Their claims relating to Staub’s construction of cabinets; the cost of the removal of said cabinets; the purchase of pre-fabricated cabinets; and the storage costs for custom built cabinets were all denied because the district court determined that the Appellants failed to put into evidence enough information to establish that the custom-built cabinets made by Staub were defective. Recovery for broken mirrors; for repair work performed by Roderick Baptiste to correct the defective work of Staub; for electrical work; for plumbing work; and for marble and tile installation were all rejected by the district court because the Appellants did not demonstrate that the work performed was corrective of the work of Staub. Moreover, the district court further rejected other claims of the Appellants that the court did not list. Lastly, the district court declined the Appellants’ claims for the recovery of the costs of the Chapitals’ trailer utilities because (1) there was no agreement between Staub and the Appellants; (2) Staub’s failure to complete work on their home within four to five months was not unreasonable and (3) the Appellants sought recovery for a period of time when Staub was no longer working on their home.
The record and exhibits presented in the matter sub judice support the findings of the district court, the fact finder who determined that the majority of the | iSclaims of the Appellants were either -without merit or were unsubstantiated. As previously stated, while another finder of fact may *698 have reached a different conclusion, we cannot say that the district court erred in awarding damages of $17,100 to the Appellants in reconvention. This assignment of error is without merit.
Lastly, we address the Answer to the Appeal of Staub. In its answer, Staub requests an increase in the damages awarded by the district court as well as judicial interest from the date of judicial demand, and for the costs of the appeal. Staub argues that this court should increase the damage award of the district court to the amount due under the contract at issue, which amounts to $105,768.55.
Staub requests an award increase based on a contract the district court determined does not exist. Thus, we decline to award an increase in damages to Staub pursuant to a nonexistent contract. Furthermore, the request of Staub for judicial interest from the date of judicial demand and for the costs of the appeal are also denied. The district court awarded Staub interest from the date of the judgment. The Louisiana Supreme Court has held that interest on damages for breach of contract are appropriate from the moment of an active violation of a contract. Alexander v. Burroughs Corp., 359 So.2d 607, 613 (La.1978); Thomas B. Catchings & Associates v. City of Baton Rouge, 621 So.2d 768, 768-69 (La.1993). However, because a contract did not exist between the parties, interest cannot be awarded from the date of the alleged violation. Furthermore, in matters where recovery has been allowed pursuant to quantum meruit, “legal interest should only be allowed from the date of final judgment.” N. Dev. Co., Inc. v. McClure, 276 So.2d 395, 401 (La.App. 2 Cir.1973) (citing Johnston v. Empire Gas, Inc. of Oak Grove, 268 So.2d 333 (La.App. 2 Cir.1972); Sugar Field Oil Co. v. Carter, 214 La. 586, 38 So.2d 249 (1949); Connette v. Wright, 154 La. 1081, 98 So. 674 (1923)). As recovery has been allowed under the doctrine of quantum meruit in the instant matter, the district court correctly awarded legal interest from date of final judgment.
Finally, we deny the request of Staub for costs of the appeal. For the foregoing reasons, the Answer to the Appeal is denied.

DECREE

For the foregoing reasons, the judgment of the district court is affirmed. Furthermore, the Answer to the Appeal of Staub Enterprises, Inc., is denied.
AFFIRMED; ANSWER TO APPEAL DENIED

. Although the Chapitals list this as an assignment of error on appeal, this assignment of error is not briefed for review. This assignment of error appears to be du-plicative of assignment of error number five (5). Nevertheless, this assignment of error is deemed abandoned for lack of briefing pursuant to Uniform Rules, Louisiana Courts of Appeal, Rule 2-12.4.